FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 23, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO GOMEZ GARCIA, as an individual and on behalf of all other similarly situated persons, JONATHAN GOMEZ RIVERA, as an individual and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>STEMILT AG SERVICES LLC,<br><br>Defendant. | No.  2:20-cv-00254-SMJ<br><br>**ORDER ADOPTING PROPOSED PROTECTIVE ORDER** |

Before the Court, without oral argument, are Plaintiffs' Motion for Order Finding Discovery of ESD Documents Appropriate, ECF No. 20, and Defendants' Motion for Protective Order, ECF No. 29. Plaintiffs seek an order finding that discovery of Washington State Employment Security Division (ESD) records is appropriate in this case. ECF No. 20 at 3.  At the telephonic status conference, the Court ordered the parties to confer and provide the Court with an agreed proposed protective order. *See* ECF No. 23 at 2.

//

ORDER ADOPTING PROPOSED PROTECTIVE ORDER – 1

The parties conferred but could not agree on the terms of a proposed protective order. *See* ECF Nos. 28-2, 29. Accordingly, each party filed a proposed protective order. ECF Nos. 28, 30-2. Defendant also attached to its motion ESD's proposed protective order. ECF No. 30-1. Plaintiffs seek a narrow protective order which would only cover ESD documents and would allow them to retain the produced records after the close of litigation. ECF Nos. 28, 28-1. Defendant seeks a more expansive protective order, which would cover ESD documents as well as other documents produced by the parties. ECF Nos. 29, 30-2. The protective order proposed by ESD is similar in most respects to Plaintiffs' proposed order, the most notable difference being that ESD's proposed order includes provisions for the destruction of covered materials after litigation concludes. ECF No. 30-1.

"Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips v. GMC*, 307 F.3d 1206, 1210 (9th Cir. 2002). While the Court agrees with the necessity of a protective order, the Court finds that both Defendant's and ESD's proposed orders overly restrict the use of the discovery without a showing of good cause. The Court finds Plaintiffs' proposed protective order reaches a middle ground that addresses the interests of all parties, striking the appropriate balance between Plaintiffs' interest in advocating for farm workers and the privacy interests of the parties and the

subjects of the records. Because the protective order continues after the conclusion of this lawsuit, it provides adequate protections against broad disclosures without the need to require the destruction of records as proposed by ESD and Defendant. *See* ECF No. 28 at 5. The Court therefore adopts Plaintiffs' protective order, subject to the additional provisions described below.

The Court finds that, given the adoption of the proposed protective order, the need for the information and records in the current proceedings outweighs any further privacy and confidentiality concerns. *See* Wash. Rev. Code § 50.13.015 *et seq.*; 20 C.F.R. § 603.1 *et seq*. Although Washington Revised Code Section 50.13.015(4) states that "[p]ersons requesting disclosure of information held by [ESD] . . . shall request such disclosure from the agency providing the information to [ESD] rather than from [ESD]," Section 50.13.070 allows ESD to disclose such information upon an order from a Court. This creates an efficient result and is consistent with what courts have ordered in similar cases. *See*, *e.g.*, *Rosas v. Sarbanand Farms*, *LLC*, No. 18-0112-JCC, 2019 U.S. Dist LEXIS 131735, at *3–*4 (W.D. Wash. August 6, 2018). Plaintiffs therefore need not seek the records from other agencies before requesting them from ESD.

If any party believes additional protections are needed for *specific* ESD documents or other discovery not covered by the protective order, that party shall confer with opposing counsel to try to agree on a stipulated protective order for the

ORDER ADOPTING PROPOSED PROTECTIVE ORDER – 3

specific discovery at issue. If the parties cannot agree on a stipulated protective order after meeting and conferring in good faith, the party seeking the protections may file a motion with the Court.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Order Finding Discovery of ESD Documents Appropriate, **ECF No. 20**, is **GRANTED IN PART**.

2. The Court finds that, given the adoption of the proposed protective order, the need for the information and records in the current proceedings outweighs any further privacy and confidentiality concerns. *See* Wash. Rev. Code § 50.13.070. ESD shall produce:

    A. Documentation regarding all recruitment efforts in connection with Stemilt's 2017 H-2A clearance orders; and

    B. All complaints, documentation, and investigation results related to Stemilt from 2015 to 2017 in connection with Stemilt's H-2A clearance orders.

3. Defendant's Motion for a Protective Order, **ECF No. 29**, is **DENIED**.

4. Plaintiffs' proposed protective order, **ECF No. 28**, is **APPROVED**, **ADOPTED**, and **INCORPORATED** in this Order by reference.

5. This order has no effect on the parties right or obligation to file private or confidential materials under seal.

ORDER ADOPTING PROPOSED PROTECTIVE ORDER – 4

**6.** If a party believes that an additional protective order is needed, they may file a motion with the Court after attempting to resolve the issue with the opposing party as described above.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 23rd day of November 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge