FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO GOMEZ GARCIA, as an individual and on behalf of all other similarly situated persons, JONATHAN GOMEZ RIVERA, as an individual and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>STEMILT AG SERVICES LLC,<br><br>Defendant. | No.   2:20-cv-00254-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER** |

Before the Court, without oral argument, is Plaintiffs' Motion for Protective Order, ECF No. 34. In their response, Defendant moved to strike pages 11–15 of Plaintiffs' motion as exceeding the page limit under Local Civil Rule 7(f)(2). ECF No. 40 at 3 n. 1.

Before filing suit, but in anticipation of this action, Plaintiffs' counsel drafted and prepared declarations from Plaintiffs, members of the putative class, and other potential witnesses. ECF No. 34-1 at 2. Defendant requested that Plaintiffs produce these declarations as part of their initial disclosures and through discovery requests.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR A PROTECTIVE ORDER – 1

*See id*; ECF No. 41 at 3. Each time, Plaintiffs asserted the work-product privilege.

At the telephonic status conference held on October 29, 2020, the Court ordered the parties to brief this issue. *See* Tr. (Oct. 29, 2020). Plaintiffs' motion followed. The Court is fully informed and denies Defendant's motion to strike and grants in part Plaintiffs' motion for a protective order.

## MOTION TO STRIKE

A nondispositive motion like Plaintiff's motion for a protective order, *see* LCivR 7(b)(3), may be up to ten pages in length. LCivR 7(f)(2). Parties may only exceed the page limit with the Court's prior approval. LCivR 7(f)(5). Plaintiffs' motion is approximately fourteen pages in length, excluding Plaintiffs' firm contact information, the case caption, the signature block, and the certificates of service. *See* ECF No. 34; *see also* LCivR(f)(4). Defendant therefore asks this Court to strike pages 11–15 of Plaintiffs' motion. ECF No. 40 at 3 n. 1.

Although this Court agrees that Plaintiffs filed an overlength motion, it declines to strike the pages of Plaintiffs' motion on account of this singular violation of the local rules.[1] But the Court admonishes the parties to carefully review the local and federal civil rules for future filings. The Court may strike all or part of future filings if they fail to comply with the rules.

---

[1] Additionally, to account for the overlength motion, Plaintiffs limit their reply to five pages. ECF No. 43 at 2.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR A PROTECTIVE ORDER – 2

# MOTION FOR A PROTECTIVE ORDER

## A. Legal Standard

The Federal Rules of Civil Procedure adopt the ideal that trial be "less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). Yet a district court may enter a protective order when the party seeking the order establishes good cause for protection from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A protective order is appropriate where a party seeks discovery protected by the work-product doctrine. *See O'Connor v. Boeing N. Am., Inc.*, 216 F.R.D. 640, 644 (C.D. Cal. 2003).

"The work-product doctrine is a qualified privilege that protects from discovery documents and tangible things prepared by a party or [their] representative in anticipation of litigation." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020) (internal quotation omitted) (citing Fed R. Civ. P. 26(b)). The doctrine seeks to protect "the mental processes of the attorney, providing a privileged area within which [they] can analyze and prepare [their] client's case . . . The primary purpose of the work-product rule is to prevent exploitation of a party's efforts in preparing for litigation." *Id.* (internal citations omitted).

Courts distinguish between "ordinary work product" and "opinion work product." *See id.* at 1125. Opinion work product comprises "mental impressions, conclusions, opinions or legal theories." *Id.* (quoting *Hickman v. Taylor*, 329 U.S. 495, 508 (1947)). Courts may require disclosure of ordinary work product if the party seeking discovery "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed R. Civ. P. 26(b)(3)(A)(ii). On the other hand, Courts may require disclosure of opinion work product only "when mental impressions are *at issue* in a case and the need for the material is compelling." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (emphasis in original).

**B.    The declarations constitute ordinary work product**

Witness declarations "'assemble information, sift relevant facts from the irrelevant facts' and can relay legal theory and strategy to those reading it, and, as such, are not discoverable under Rule 26." *Chelan Cnty., Wash. v. Bank of Am. Corp.*, No. 2:14-CV-0044-TOR, 2015 WL 4129937, at *5 (E.D. Wash. July 9, 2015) (quoting *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)) (internal alterations omitted); *see also Joseph v. Las Vegas Metro. Police Dep't*, No. 2:09-CV-00966-HDM, 2011 WL 2295071, at *1 (D. Nev. June 10, 2011) ("Such declarations are considered work product up until the moment they are filed."). The substance of the

declarations may be discovered through interrogatories or deposition of the witnesses, but the declarations themselves are work product. *Chelan Cnty., Wash*, 2015 WL 4129937, at *5; *see also In re Convergent Techs. Second Half 1984 Sec. Litigation*, 122 F.R.D. 555, 558 (N.D. Cal. 1988) (not protecting such witness statements through the work product doctrine "would fundamentally disserve the truth finding process."). This Court distinguishes witness statements *solicited* by counsel from those *prepared* by counsel. The latter is work product; the former is not. *Cf. Dobbs v. Lamonts Apparel, Inc.*, 155 F.R.D. 650 (D. Alaska 1994) (ruling witness responses to questionnaires prepared by counsel are not work product).[2]

The declarations at issue constitute ordinary work product. Although the facts included or omitted and the order and way in which they are presented provides insight into counsel's strategies, the declarations do not contain explicit legal conclusions or mental impressions of counsel. *See Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 510 (S.D. Cal. 2003); *see also Sanmina Corp.*, 968 F.3d at 1125. The Court thus applies the "substantial need" standard articulated in Rule 26.

//

---

[2] District courts in other circuits have concluded that affidavits prepared by counsel are not work product. *See, e.g.*, *Diaz v. Devlin*, 327 F.R.D. 26, 29 (D. Mass. 2018) ("an affidavit purports to be a statement of facts within the personal knowledge of the witness, and not an expression of the opinion of counsel."). For the reasons discussed, this Court disagrees with those courts. Declarations and affidavits prepared by counsel in anticipation implicitly reflect trial strategy.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR A PROTECTIVE ORDER – 5

**C.    Defendant has shown a substantial need for some of the declarations**

Defendant argues that it has a substantial need for the declarations because declarants are foreign nationals not currently working in the United States and thus will have limited availability for deposition. For any declarant living outside the United States, this Court finds that there is a substantial need for disclosure of that declaration. Plaintiffs must, then, produce those declarations or make the individuals available for depositions. For declarants living in the United States, Plaintiffs need only disclose their identities.[3]

Again, Plaintiffs cannot "conceal critical, non-privileged, discoverable information . . . simply by . . . attempting to hide behind the work product doctrine." *Xerox Corp. v. IBM*, 64 F.R.D. 367, 381–82 (S.D.N.Y. 1974). Although Plaintiffs need not produce the declarations themselves, they must disclose the underlying facts if requested in appropriate discovery requests. True, discovery of these facts "by other means will simply not be the substantial equivalent" of the declarations themselves." *See Dobbs*, 155 F.R.D. at 653. Yet this is exactly the balance required by the goals of the work-product doctrine.

//

---

[3] Plaintiffs represent that they produced a privilege log on December 11, 2020. ECF No. 43-1. To the extent that the privilege log discloses the identities and contact information of the Declarants, Plaintiffs have already complied with this portion of the Order.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER – 6

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiffs' Motion for Protective Order, **ECF No. 34**, is **GRANTED IN PART AND DENIED IN PART** as described in this Order.

**2.** Defendant's Motion to Strike, **ECF No. 40 at 3 n. 1**, is **DENIED**.

**3.** Plaintiffs need not produce declarations prepared by counsel until such time as they are used in the litigation, except it must produce any declaration whose declarant lives outside the United States.

   *A.* Alternatively, Plaintiffs may make those individuals available for deposition.

**4.** To the extent they did not already do so in the privilege log produced on December 11, 2020, for those declarations which Plaintiffs does not produce, Plaintiffs must disclose to Defendant the identities and contact information of the declarants.

**5.** Plaintiffs must disclose the facts contained in the declarations if requested in appropriate discovery requests.

//

//

//

//

//

**6.**   Once Plaintiffs have disclosed the identities of the declarants living in the United States, if Defendant finds that any declarant is unavailable, it may at that time move to compel disclosure of any *specific* declaration for which there is a substantial need.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 21st day of December 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER – 8