FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO GOMEZ GARCIA, as an individual and on behalf of all other similarly situated persons, JONATHAN GOMEZ RIVERA, as an individual and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>STEMILT AG SERVICES LLC,<br><br>Defendant. | No.   2:20-cv-00254-SMJ<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DEFER BRIEFING** |

Before the Court is Plaintiffs' Rule 56(d) Motion to Defer Briefing and Consideration of Stemilt's Motion for Partial Summary Judgment to Permit Discovery Pursuant to the Scheduling Order, ECF No. 108. The Court is fully informed and grants the motion.

Plaintiffs sued on July 20, 2020. ECF No. 1. Plaintiffs moved for class certification on February 22, 2021. ECF No. 63. The discovery cutoff in this case is September 15, 2021. ECF No. 23.

Plaintiff argues that Defendant's summary judgment motion is premature

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER BRIEFING – 1

because it was filed more than five months before the discovery deadline. ECF No. 108 at 3. Rule 56(d) provides,

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"To prevail on a request for additional discovery under Rule 56(d), a party must show that '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)). A party "is not entitled to additional discovery under [Rule] 56([d]) 'if it fails diligently to pursue discovery before summary judgment.'" *Family Home & Fin. Ctr.*, 525 F.3d at 827–28 (quoting *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989)); *see also Big Lagoon Rancheria v. California*, 789 F.3d 947, 955 (9th Cir. 2015) (en banc).

That discovery is at the heart of the dispute giving rise to this motion does not shock the Court. The parties have moved the Court to intervene in discovery

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER BRIEFING – 2

disputes on many occasions. *See* ECF Nos. 20, 29, 34, 49 & 70. Here, the parties sling accusations back and forth, distracting from the underlying merits of their briefings. ECF Nos. 108, 121 & 124. Plaintiffs accuse Defendant of "play[ing] games" and delaying discovery. ECF No. 108 at 4. Plaintiffs contend that Defendant "has not produced emails—which are crucial in cases like this—nor have they produced numerous outstanding documents . . . including but not limited to personnel records." *Id.* Defendant responds that "Plaintiffs were not prepared to assert valid claims in federal court on their own behalf," ECF No. 121 at 2, and are attempting "a fishing expedition for stale claims unrelated to Stemilt's motion," *id.* at 7. Although the Court does not determine that either party is conducting discovery in bad faith, it grows weary of the continual disputes.

In this case, the Court has determined that Plaintiffs are entitled to additional discovery before it must respond to Defendant's summary judgment motion. While Defendant may have confidence that its motion will easily prevail, Plaintiffs' Declaration has set forth facts that may be discovered, which are essential to oppose the motion, including from depositions of Defendant and its employees. *See* ECF No. 109. For example, Plaintiffs "expect the documents and testimony may confirm both that Stemilt knowingly possessed the [work permits] in order to prevent or restrict Plaintiffs' liberty to move or travel." ECF No. 124 at 8–9. The Court need not repeat all the evidence Plaintiffs hope to discover. Although discovery may

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER BRIEFING – 3

prove fruitless, Plaintiffs are entitled to the full opportunity the Court provided them—nearly identical to the deadlines proposed by the parties—to find the information they suspect exists.

Accordingly, **IT IS HEREBY ORDERED**:

   **1.**   Plaintiffs' Rule 56(d) Motion to Defer Briefing and Consideration of Stemilt's Motion for Partial Summary Judgment to Permit Discovery Pursuant to the Scheduling Order, **ECF No. 108**, is **GRANTED**.

   **2.**   Defendant's Motion for Partial Summary Judgment, **ECF No. 91**, is **DENIED WITH LEAVE TO RENEW**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 22nd day of April 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge