FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO GOMEZ GARCIA, as an individual and on behalf of all other similarly situated persons, JONATHAN GOMEZ RIVERA, as an individual and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>STEMILT AG SERVICES LLC,<br><br>Defendant. | No.  2:20-cv-00254-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court is Defendant's Motion for Reconsideration, ECF No. 141. Plaintiffs' Motion for Leave to File Second Amended Complaint, ECF No. 90. On April 22, 2021, the Court granted Plaintiff leave to file a Second Amended Complaint. ECF No. 125. The Court interprets Defendant's motion as asking this Court to reconsider Sections A.2.a.ii. and A.3. of its Order only. *See* ECF No. 141. The Court is fully informed and grants in part and denies in part the motion. This Order amends in part the Court's prior Order Granting Plaintiffs' Motion for Leave to File Second Amended Complaint, ECF No. 125.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION – 1

## BACKGROUND

Plaintiffs sued on July 20, 2020. ECF No. 1. Before filing suit, the parties entered into a Tolling Agreement, which tolled the statute of limitations for claims listed in Plaintiffs' Draft Complaint and related claims from December 19, 2019 to July 18, 2020. *See* ECF No. 112 at 2, ECF No. 112-2 at 2. Plaintiffs filed their First Amended Complaint on November 23, 2020, with consent from Defendant. ECF No. 38. The First Amended Complaint asserted causes of action under Washington Farm Labor Contractors Act (FLCA), Wash. Rev. Code § 19.30, for the first time. *Compare* ECF Nos. 1, 112-1 *with* ECF No. 38. Both the original Complaint and the First Amended Complaint proposed two putative classes. *See* ECF Nos. 1, 38.

Plaintiffs' Second Amended Complaint brings FLCA claims under Washington Revised Code Sections 19.30.120(2), 19.30.110(5), 19.30.110(7)(h), 19.30.110(7), and 19.30.110(2). ECF No. 128 at 29–31. Of those, claims under Sections 19.30.120(2), 19.30.110(5), and 19.30.110(7)(h) were raised in the First Amended Complaint. ECF No. 38 at 28–29. Defendant challenges only 19.30.110(7)(h), 19.30.110(7), and 19.30.110(2) (together "FLCA Disclosure Claims"). ECF No. 152 at 2. The Second Amended Complaint proposes a third putative class, the "FLCA class." ECF No. 128 at 24. Unlike the TVPA class, which previously asserted Plaintiffs' FLCA claims, the FLCA class in the Second Amended Complaint consists of "[a]ll Mexican nationals recruited and employed

by Stemilt Ag Services, LLC, pursuant to either one of the 2017 H-2A contracts from January 16 through November 15, 2017." *Id.*

Altogether, Plaintiffs assert causes of action under the Trafficking Victims Protection Act (TVPA), 18 U.S.C. §§ 1589(a)(3), (a)(4), 1592(a); Washington Law Against Discrimination (WLAD), Wash. Rev. Code § 49.60.180(3); FLCA; Wash. Rev. Code § 49.52.050(2) (Willful Refusal to Pay Wages); and for Breach of Contract. *See* ECF No. 128. Plaintiffs' claims arise from to one or both of two H-2A Clearance Orders—from January 2017 and August 2017—and the labor performed thereunder. ECF No. 128.

## LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may

1  also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist.*

2  *No. 1J*, 5 F.3d at 1263. Courts generally disfavor motions for reconsideration, and

3  they may not be used to present new arguments or evidence that could have been

4  raised earlier. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir.1991).

5  **DISCUSSION**

6  Defendant's arguments that Plaintiffs' additional FLCA claims are barred by

7  the statute of limitations fall into two categories. First, it argues that the FLCA

8  Disclosure Claims are too unrelated in *type* from Plaintiffs' other claims to relate

9  back to the Draft Complaint. Second, it argues that the FLCA Disclosure Claims

10  arising from the January 2017 Clearance Order are from a different *time* than the

11  other claims—which arise from the August 2017 Clearance Order—further

12  distancing them from claims in the Draft Complaint. Together, Defendant argues

13  that it was not on notice of Plaintiffs' FLCA Disclosure Claims, and that it will be

14  prejudiced because the time period for required retention of records has elapsed.

15  *See* ECF Nos. 141, 152.

16  As explained in the Court's prior order, the relation-back doctrine is

17  "liberally applied . . . to provide maximum opportunity for each claim to be decided

18  on its merits rather than on procedural technicalities." *ASARCO, LLC v. Union Pac.*

19  *R.R. Co.*, 765 F.3d 999, 1004–05 (9th Cir. 2014) (internal quotation omitted); *see*

20  *also Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989) (explaining that

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION – 4

pleadings relate back when the "original and amended complaint share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question."); *Todd v. San Mateo Cnty.*, No. C 15-05823 JSW, 2016 WL 4992457, at *3 (N.D. Cal. Sept. 19, 2016) ("All the claims arise from Defendants' alleged wrongful treatment of Plaintiff during and following two sting operations and investigations."); *Tam v. Qualcomm, Inc.*, 300 F. Supp. 3d 1130, 1139 (S.D. Cal. 2018) ("[A]ll of Plaintiff's state law claims revolve around his termination . . . which he alleges was wrongful.").

Plaintiffs' Draft Complaint gave Defendant fair notice that Plaintiffs may bring FLCA Disclosure Claims. *See id*. And Defendant tacitly admitted as much when they failed to object to Plaintiffs' filing their First Amended Complaint, which raised FLCA Disclosure Claims under Wash. Rev. Code § 19.30.110(7)(h). *See* ECF No. 38 at 22, 29.

But upon review, the Court agrees with Defendant's arguments on the FLCA Disclosure Claims arising from the January 2017 Clearance Order. In the First Amended Complaint, Plaintiffs' FLCA claims were asserted by the TVPA class, which consisted of "[a]ll Mexican nationals employed at Stemilt Ag Services, LLC in Washington, pursuant to the 2017 H-2A contract from August 14 through November 15, 2017." *Id.* at 20. The members of the TVPA class were also the same in the Draft Complaint. Those employed under the January 2017 Clearance Order,

then, were not included in the TVPA class. *See* ECF No. 38 at 20; ECF No. 112-1 at 19. In fact, all the claims in the Draft Complaint to which Plaintiffs argue their FLCA Disclosure Claims relate back were asserted by the TVPA class. *See* ECF No. 112-1 at 7, 8, 13, 16, 17, 23 & 24.

In its previous Order, the Court stated that Defendant "offer[s] no specific explanation of prejudice." ECF No. 125 at 9. Defendant has now clarified its position. ECF No. 141 at 9–10. Defendant argues that the supposed lack of notice of the FLCA claims, particularly those individuals that worked from January 16, 2017 through August 11, 2017 will prejudice it if the Court continues to allow these claims. ECF No. 141 at 9. It insists that these "stale claims . . . may only be affirmatively disproved by long-expired recordkeeping requirements." *Id.* (citing *Keiper v. Victor Valley Transit Auth.*, No. EDCV 15-0703 JGB (SPx), 2019 WL 6711697, at *5 (C.D. Cal. Feb. 27, 2019) (denying motion to amend in case where plaintiffs delayed in moving to amend and defendants did not have notice of the need to preserve evidence)).

Plaintiffs respond that there has been a litigation hold since September 2019, and so Defendant should have been on notice to retain its records. ECF No. 147 at 4. That argument places the cart before the horse. The litigation hold applied to materials "relevant to this litigation." *See* ECF No. 148-1 at 4. Whether the disclosures were relevant to the claims in the Draft Complaint is the subject of this

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION – 6

motion, so the *existence* of the litigation hold does not weigh in favor of either party. But because the FLCA Disclosure Claims arising from the August 2017 Clearance Order relate to claims asserted by the TVPA class in the Draft Complaint, Defendant had notice to retain those disclosure records. Still, the Court agrees with Defendant that the FLCA Disclosure Claims arising from the January 2017 Clearance Order do not relate back to the Draft Complaint. *See* ECF No. 112-1. Not even the First Amended Complaint asserted claims on behalf of those employed under the January 2017 Clearance Order that related to the FLCA Disclosure Claims. *See* ECF No. 38. Only the "Wait Time Class" included workers employed under the January 2017 Clearance Order. ECF No. 38 at 23; ECF No. 112-1 at 21.

Given the vast differences in proof between the Willful Refusal to Pay Wages claims asserted by the Wait Time Class and FLCA Disclosure Claims, the Court plainly erred in permitting FLCA Disclosure Claims arising from the January 2017 Clearance Order. *Compare* Wash. Rev. Code § 49.52.050(2) *with* Wash. Rev. Code §§ 19.30.110(7)(h), 19.30.110(7), and 19.30.110(2). But for all the reasons stated in its prior order, ECF No. 125, and expounded on above—especially Defendant's lack of objection to adding the FLCA Disclosure Claims to the first Amended Complaint, ECF No. 38—the Court does not depart from its finding that the FLCA Disclosure Claims pertaining to the August 2017 Clearance Order relate back to the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION – 7

Draft Complaint. For these reasons, the Court orders Plaintiffs to file an Amended Complaint based on the limited reconsideration described above.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reconsideration, **ECF No. 141**, is **GRANTED IN PART and DENIED IN PART** as described above.

2. Plaintiffs shall file an amended complaint, consistent with this Order, **by no later than one week from the date of this Order**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 16th day of June 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge