BRENDAN V. MONAHAN (WSBA #22315)
LANCE A. PELLETIER (WSBA #49030)
JUSTO G. GONZALEZ (WSBA #39127)
MARICARMEN C. PEREZ-VARGAS (WSBA #54344)
STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. Naches Avenue
Yakima, Washington 98901-2757
(509) 853-3000

DOUGLAS E. SMITH (WSBA #17319)
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101-3122
(206) 623-3300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO GOMEZ GARCIA and JONATHAN GOMEZ RIVERA, as individuals and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>STEMILT AG SERVICES, LLC,<br><br>Defendant. | Case No.: 2:20-cv-00254-SMJ<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR CLASS CERTIFICATION |

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND
MOTION FOR CLASS CERTIFICATION - 0
052556.007 \ 28573683v1

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. Naches Avenue
Yakima, Washington 98901-2757
(509) 853-3000

## I. INTRODUCTION

Plaintiffs' Second Motion for Class Certification fails and should be denied.

At best, the motion is premature. Because this Court has already ruled that Plaintiffs are inadequate representatives who do not have standing to assert these claims themselves, Plaintiffs bring this motion on behalf of third parties who currently have no status in this case. Plaintiffs cite no authority entitling them, failed putative class representatives, to bring a motion on behalf of third parties and they have no standing to do so. They also cite no authority permitting putative intervenors to move for class certification when they have neither moved to substitute themselves as putative class representatives, nor filed a proposed complaint providing notice of their substantive allegations, nor even stated a proposed class definition.

But the latest motion isn't simply premature. The motion seeks class treatment regarding obviously untimely claims and ignores clear authority prohibiting the piggyback class action tactics that Plaintiffs are advancing here. The motion also fails to present any reason for the Court to reconsider its prior reasoned decision. Plaintiffs present no new evidence or argument responding to most of the Court's myriad reasons for denying class certification in the first instance; presumably, issues such as common proof of damages and other material elements would need to be "figure[d] out at trial" because they are still not addressed through Plaintiffs' motion. *See* Tr. (Aug. 4, 2021 at 53-54).

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR CLASS CERTIFICATION - 1

052556.007 \ 28573683v1

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

Plaintiffs again fail to meet their burden to show that their allegations are amenable to class treatment. This Court should again deny their motion.

## II.  RESPONSE

### A.  Allegations Regarding FLCA Disclosures Are Both Untimely and Baseless

Plaintiffs attempt to bring a new class action from two putative intervenors who allegedly worked only the August 2017 FLCA contract. Stemilt responded to these arguments by pointing out that the claims are time barred and Plaintiffs countered that these claims tolled under both *American Pipe* and the parties' December 2019 Tolling Agreement. *Compare* ECF No. 203 at 1-2, *with* ECF No. 205 at 1-4.

Neither source tolled these claims, and they cannot be brought, let alone asserted on a class basis. The putative intervenor's as-yet unpled claims inarguably did not arise out of the same nucleus of operative facts as the claims Plaintiffs proposed in December 2019—Plaintiffs do not even have standing to bring the claims that are now being advanced. *See* ECF No. 193 at 14. Because Plaintiffs lack standing to assert these claims, they also cannot have been tolled under *American Pipe. See Boilermakers Nat. Annuity Trust Fund v. WaMu Mortg. Pass Through Certificates*, 748 F. Supp. 2d 1246, 1259 (W.D. Wash. 2010) ("statute of limitations does not toll for putative class actions whose named plaintiff lacks standing to advance claims in the first place.") (citing *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998); *Palmer v. Stassinos*, 236 F.R.D. 460, 465-66 and n.6 (N.D. Cal. 2006) ("it would be beyond the constitutional power of a federal court

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR CLASS CERTIFICATION - 2

052556.007 \ 28573683v1

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

to toll a period of limitations based on a claim that failed because the claimant had no power to bring it"). And as Stemilt briefed in opposing the motion to intervene, *American Pipe* tolling does not permit these claims to be asserted by intervenors in a subsequent class action. *See* ECF No. 203 at 3-6 (collecting cases).

Moreover, the proposed claims themselves are provably false. Though there is again no proposed complaint stating factual allegations in support of this motion, Stemilt understands Plaintiffs' allegation to be that the disclosure received by workers who only worked on the second H-2A contract failed to conform to the requirements of RCW 19.30.110(2) and (7). *See* ECF No. 193 at 14:10-11; *see also* ECF No. 171 ¶¶ 156-159. Stemilt has presented unrebutted evidence that its 2017 FLCA disclosure addressed each of these items, specifically including the amount of its wage bond, the name and address of the owner of all operations (or the owner's agent), and every location where Messrs. Rodriguez Llerenas and Munoz Medrano worked. *See* ECF No. 96 at ¶¶ 48-60; ECF No. 140-3. It is incredible that these claims are still being pursued in disregard of this evidence; this claim raises issues under Fed. R. Civ. P. 11 and RCW 4.84.185 (frivolous claims), not Fed. R. Civ. P. 23. This Court must consider the merits of these claims in evaluating this motion and the merits require that the motion be denied. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011).

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR CLASS CERTIFICATION - 3

052556.007 \ 28573683v1

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

**B.     Plaintiffs Do Not Get a Second Bite At the Apple**

In opposing the pending motion to intervene, Stemilt cited several decisions holding that, where class certification has been denied, putative class members may not bring a subsequent motion for class certification seeking to either relitigate the correctness of the denial or attempt to cure the deficiency that led to the denial. *See* ECF No. 203 at 3-6. The Second Motion for Class Certification does not address this prohibition. *See* ECF No. 208.

The putative intervenors did attempt to distinguish *China Agritech* and the cited decisions in their Reply in Support of Intervention, but that effort was misleading. Intervenors did not point this Court to authority permitting former putative class members to intervene and relitigate the issue of class certification following a definitive determination of the inappropriateness of class certification, but instead cited authority from Pennsylvania stating that *China Agritech* does not prevent the addition or substitution of a new lead plaintiff in an ongoing class action. ECF No. 205 at 5 (citing *Pelletier v. Endo Int'l PLC*, 338 F.R.D. 446, 475 (E.D. Pa. 2021)); *see also Pelletier v. Endo International PLC*, 2021 WL 398495 at *13 (E.D. Penn. Feb. 4, 2021). That ruling is plainly inapposite and should not have been cited to this Court.

In their Second Motion for Class Certification, Plaintiffs argue that the putative intervenors are not seeking a "new" class action but rather asking that this Court revisit its recent decision denying class certification under Fed. R. Civ. P. 23(c)(1)(C). They do

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND
MOTION FOR CLASS CERTIFICATION - 4
052556.007 \ 28573683v1

**STOKES LAWRENCE
VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

not reconcile this argument with Stemilt's authorities prohibiting piggyback class action and also fail to meet the standards set forth by their own cited authority.

"In the absence of materially changed or clarified circumstances . . . courts should not condone a series of rearguments on the class issues by either the proponent or the opponent of the class." *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013) (quoting *Newberg on Class Actions* § 7:47). "Thus, Plaintiffs must show some justification for filing a second motion, and not simply a desire to have a second or third run at the same issues." *Id.* Though the Second Motion for Class Certification proposes to certify a class of workers at only one of Stemilt's regions and attempts to address the inadequacy of Messrs. Gomez Garcia and Gomez Rivera as class representatives, it fails to even address the myriad other flaws that make this case inappropriate for class treatment.

For example, the Second Motion for Class Certification again fails to address the requirement that damages must be capable of measurement on a class-wide basis using common methodology. Tr. (Aug 4, 2021 at 53-54); *see also Comcast v. Behrend*, 569 U.S. 27, 34 (2013). The motion does not respond to this Court's finding that because Stemilt presented declarations by workers—including workers in the Pasco region[1]— "which contradict the experiences described by Plaintiffs' evidence, significant individual

---

[1] *See* ECF Nos. 102-5, 102-12.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND
MOTION FOR CLASS CERTIFICATION - 5

052556.007 \ 28573683v1

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

inquiries will be required to litigate these claims." ECF No. 193 at 24:17-25:1. They do not address their prior failure to show any evidence of a common and unlawful policy regarding the distribution of visas and do not respond to evidence showing that that no visa was ever withheld.[2] *See id.* at 28. And even the conclusory statement that these new individuals are not subject to unique defenses is speculative: Mr. Vargas Leyva abandoned his employment with the other Ice Harbor workers on October 19 and worked with Plaintiff Gomez Garcia and others for Evergreen in 2018. ECF No. 102-3 10-11, 48-49. Stemilt is still investigating Messrs. Chavez Monroy and Padilla Plascencia—Plaintiffs did not even disclose Mr. Chavez Monroy as a witness until July 2021, more than three months after Stemilt responded to their Motion for Class Certification.

What remains of the Second Motion for Class Certification is an extraordinary and conclusory statement that merits a brief response. Plaintiffs write that "[i]ntervenors have

---

[2] Ana Guerrero testified that it was her responsibility to pass out the visa extensions and that she did so as soon as she received them. ECF No. 93 at ¶¶ 8-11. That testimony is undisputed. Plaintiffs' ignore this testimony and instead cite to Ms. Hernandez's speculation about that process after she was fired. *See* ECF No. 208 at 7 (citing ECF No. 209 Ex. 2)). That speculation is inadmissible: Ms. Hernandez admits that she did not have personal knowledge of this process and her testimony both contains and is based on inadmissible hearsay. *See* ECF No. 95 at ¶ 23; ECF No. 209.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND
MOTION FOR CLASS CERTIFICATION - 6
052556.007 \ 28573683v1

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

1  presented evidence that more than four hundred workers, including the TVPA
2  Intervenors, were threatened and suffered serious financial harm and blacklisting from
3  employment in the United States." ECF No. 208 at 6. The only proffered support for that
4  extraordinary statement is a citation to paragraphs 141 and 142 of Plaintiffs Third
5  Amended Complaint; that is not evidence supporting any allegation. And the actual
6  evidence is to the contrary: Messrs. Chavez Monroy and Padilla Plascencia completed the
7  contract and were invited back to work with Stemilt in 2018, and Mr. Vargas Leyva
8  testified that he actually worked in the United States in 2018 and 2020. ECF No. 102-3 at
9  10-13. Again, these unsupported and irrefutably false allegations do not support class
10 certification.

### III.  CONCLUSION

The Plaintiffs' Second Motion for Class Certification is untethered to any person with standing, to any actual complaint, or to any reasonable basis in law or fact.

//

//

//

//

//

//

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND
MOTION FOR CLASS CERTIFICATION - 7
052556.007 \ 28573683v1

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

DATED this 28th day of October, 2021.

        STOKES LAWRENCE
        VELIKANJE MOORE & SHORE


By: */s/ Brendan V. Monahan*
   Brendan V. Monahan (WSBA #22315)
   Lance A. Pelletier (WSBA #49030)
   Justo G. Gonzalez (WSBA #39127)
   Maricarmen Perez-Vargas (WSBA #54344)
   Attorney for Defendant
   Stokes Lawrence Velikanje
   Moore & Shore
   120 N. Naches Avenue
   Yakima, WA  98901-2757
   Telephone:  (509) 853-3000
   Fax:  (509) 895-0060
   Email:  bvm@stokeslaw.com
   lance.pelletier@stokeslaw.com
   justo.gonzalez@stokeslaw.com
   maricarmen.perez-vargas@stokeslaw.com

   Douglas E. Smith (WSBA #17319)
   LITTLER MENDELSON, P.C.
   One Union Square
   600 University Street, Suite 3200
   Seattle, WA 98101-3122
   (206) 623-3300


   Attorneys for Defendant

---

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND
MOTION FOR CLASS CERTIFICATION - 8

052556.007 \ 28573683v1

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2021, I caused the foregoing document to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Maria Diana Garcia | diana.garcia@columbialegal.org |
| Joachim Morrison | joe.morrison@columbialegal.org |
| Andres Munoz | andres.munoz@columbialegal.org |
| Nathan L. Nanfelt | nnanfelt@kellerrohrback.com |
| Laura R. Gerber | lgerber@kellerrohrback.com |
| Rachel E. Morowitz | rmorowitz@kellerrohrback.com |
| Amy L. Crewdson | Amy.crewdson@columbialegal.org |

By: */s/* Brendan V. Monahan
Brendan V. Monahan (WSBA #22315)
Attorney for Defendant
Stokes Lawrence Velikanje Moore & Shore
120 N. Naches Avenue
Yakima, WA  98901-2757
Telephone: (509) 853-3000
Fax: (509) 895-0060
Email: bvm@stokeslaw.com

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR CLASS CERTIFICATION - 9

052556.007 \ 28573683v1

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000