FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 31, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO GOMEZ GARCIA, JONATHAN GOMEZ RIVERA, JOSE RODRIGUEZ LLERENAS, FRANCISCO MUÑOZ MEDRANO, SANDRO VARGAS LEVYA, ALEJANDRO CHAVEZ MONROY, and VICTOR FRANCISCO PADILLA PLASCENCIA, as individuals and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>STEMILT AG SERVICES LLC,<br><br>Defendant. | No.   2:20-cv-00254-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION** |

Before the Court is Defendant's Motion for Partial Reconsideration of this Court's Order Granting Motion to Intervene, ECF No. 236. Defendant submits that the Court erred in permitting Jose Rodriguez Llerenas and Francisco Muñoz Medrano to intervene as class representatives to assert FLCA claims on behalf of persons who worked under the August 2017 Clearance Order. Defendant's argument is premised on the contention that FLCA claims arising from the August 2017 Clearance Order are time-barred. Having already decided that these FLCA

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL
RECONSIDERATION – 1

claims relate back to the draft complaint, the Court ordered the parties to submit supplemental briefing on whether these claims are timely under *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974). Having reviewed the submitted briefing, the Court denies Defendant's motion for partial reconsideration.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A district court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). Courts generally disfavor motions for reconsideration, and they may not be used to present new arguments or evidence that could have been raised earlier. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

The Court cannot determine that it has committed clear error or that its initial decision was manifestly unjust. As will be explained more thoroughly in the Court's order on Intervenor-Plaintiffs' pending Second Motion for Class Certification, ECF No. 208, the Court finds that FLCA claims arising from the August 2017 Clearance Order are timely under *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974).

//

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION – 2

//

//

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion for Partial Reconsideration of this Court's Order Granting Motion to Intervene, **ECF No. 236**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 31st day of January 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge