BRENDAN V. MONAHAN (WSBA #22315)
LANCE A. PELLETIER (WSBA #49030)
JUSTO G. GONZALEZ (WSBA #39127)
MARICARMEN C. PEREZ-VARGAS (WSBA #54344)
STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. Naches Avenue
Yakima, Washington 98901-2757
(509) 853-3000

DOUGLAS E. SMITH (WSBA #17319)
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101-3122
(206) 623-3300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO GOMEZ GARCIA and JONATHAN GOMEZ RIVERA, as individuals and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>and<br><br>JOSÉ RODRÍGUEZ LLERENAS, FRANCISCO MUÑOZ MEDRANO, SANDRO VARGAS LEYVA, ALEJANDRO CHÀVEZ MONROY, and VICTOR PADILLA PLASCENCIA, as individuals and on behalf of all other similarly situated persons,<br><br>v. | Case No.: 2:20-cv-00254-SMJ<br><br>STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>Hearing Date: 3/21/2022 at 10:30 AM<br>With Oral Argument |

STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR PRODUCTION
- 0
052556.007 \ 103030941v3

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

1  STEMILT AG SERVICES, LLC,

2            Defendant.

3

## I. INTRODUCTION

5  Plaintiffs' motion should be denied and Stemilt awarded its reasonable attorneys' fees and costs incurred in preparing its response. Stemilt is not withholding any discovery. Stemilt produced all ESI responsive to Plaintiffs' discovery requests in April and September 2021. After learning that Deloitte had 2017 text messages collected from former Stemilt Human Resources employees as part of the Project Fuji investigation, Stemilt searched that data using Plaintiffs' search terms. The search did not yield any hits responsive to Plaintiffs' discovery requests. Stemilt advised Plaintiffs of these facts and invited Plaintiffs' counsel to meet and confer regarding their demands. Plaintiffs ignored Stemilt's invitation to meet and confer and instead filed their motion to compel.

Plaintiffs' motion is factually false, legally unsupported, and procedurally improper. At least two of these failings are apparent when one merely considers what Plaintiffs' motion papers lack: Plaintiffs' demand letter to Stemilt fails to identify any written discovery request with which Stemilt has failed to comply; and Plaintiffs' motion lacks the requisite certification that Plaintiff conferred in good faith before filing the motion. Each of these deficiencies is fatal to Plaintiffs' motion. Further analysis shows that Plaintiffs' allegations are false and their demand that Stemilt produce every single

STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR PRODUCTION
- 1

052556.007 \ 103030941v3

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

1  text message—regardless of the subject matter, relevance, privacy interest implicated, or
2  any other factor—over a ten-month period is baseless.

3  Rule 37(a)(5) of the Federal Rules of Civil Procedure "mandates the payment of
4  reasonable expenses, including attorneys' fees, from the unsuccessful party." LCivR 37.
5  This Court should deny Plaintiffs' motion and award Stemilt its reasonable attorneys' fees
6  and costs incurred in responding. Fed. R. Civ. P. 37(a)(5).

## II.  AUTHORITY

### A.  Plaintiffs Failed to Meet and Confer When Invited by Stemilt

A party seeking discovery may move for an order compelling discovery if a party fails to answer a Rule 33 interrogatory or produce documents in response to a request for production under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). Before filing such a motion, the moving party must provide notice to other parties and affected persons, and include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to resolve the dispute without court action. LCivR 37. Failure to include such a certification is grounds for denial of the motion. Fed. R. Civ. P. 37(a)(1). "A good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible." *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *1 (W.D. Wash. Mar. 25, 2014).

Plaintiffs' motion contains no such certification. Plaintiffs failed to meet and confer and ignored Stemilt's written invitation to do so. *See* Declaration of Lance A. Pelletier

STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S
PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR
PRODUCTION
- 2

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

052556.007 \ 103030941v3

("Pelletier Decl.") at ¶ 18; *see also* Ex. K at *4 ("we are available to meet and confer next week").[1] This is precisely the situation that Rule 37 seeks to avoid. After Stemilt explained that it had applied Plaintiffs' proposed search terms for ESI to the data as part of its ongoing duty to supplement, Plaintiffs made a demand for all of these individual's text messages, generally, and not in response to a discovery request. *See* ECF 250-1. Stemilt rejected Plaintiffs' blanket demand as improper and also because it was based on false presumptions but nonetheless offered to meet and confer regarding the subject matter of Plaintiffs' demand. *See* ECF No. 250-2. Plaintiffs never responded to Stemilt's invitation to meet and confer. They instead filed a motion to compel two weeks later. Pelletier Decl. ¶ 18.

This is the second time that Plaintiffs have moved to compel without meeting and conferring. *See* Pelletier Decl. ¶ 19. The first motion was frivolous, *see* ECF No. 164, and this one is no better.

---

[1] As shown below, Stemilt is not resisting discovery: it has not refused to answer any request for ESI and has instead produced all nonprivileged information that is both responsive to Plaintiffs' requests and proportional to the needs of the case, using negotiated search terms. *See* Fed. R. Civ. P. 26(b)(1).

STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR PRODUCTION
- 3
052556.007 \ 103030941v3

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

### B. Stemilt Produced All Responsive Information

Plaintiffs seek an order commanding Stemilt to produce "all text messages, including iOS and WhatsApp messages, between December 1, 2016 and September 29, 2017" collected from devices that Stemilt assigned to four former employees, regardless of subject matter and completely untethered from any written discovery requests Plaintiffs have propounded. *See* ECF No. 249.

When Plaintiffs made these demands, Stemilt had already searched these text messages for responsive communications using search terms Plaintiffs provided to Stemilt in this litigation. Counsel for Stemilt ran the searches and informed Plaintiffs that the search yielded no responsive, non-privileged communications. Pelletier Decl. ¶ 15; *see also* Ex. J (December 14 email informing counsel that Stemilt "applied [Plaintiffs] search terms to the forensic images of the cell phones" and that the searches resulted in no responsive documents). Stemilt previously produced hundreds of text message extracts from these individuals as part of a September 2021 production that included Deloitte's complete investigative file for Project Fuji. *See* ECF No. 222 ¶ 3. As addressed in Stemilt's Motion to Quash, Stemilt has produced the contents of every text message and email from these custodians that was the subject of the Project Fuji investigation, every document relied upon by Deloitte in that investigation, and complete interview notes for each witness associated with Project Fuji. Pelletier Decl. ¶ 14. Nothing has been withheld.

STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR PRODUCTION
- 4
052556.007 \ 103030941v3

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

### 1. Stemilt Searched these Communications Using Terms That Plaintiffs Insisted Upon for All Categories of Information Requested and All Devices—Expressly Including Cell Phones

Separate from Plaintiffs' request for the Project Fuji investigative file, Plaintiffs propounded discovery seeking ESI in the form of emails and text messages, as well as other categories of documents, materials, and information. Pelletier Decl. ¶ 3. They also proposed search terms for those requests. *See id.* at ¶¶ 5-11. Specifically, Plaintiffs' requested: Stemilt's federal H-2A clearance order applications (and related communications), documents and communications related to establishing, measuring, and communicating any production-based standards, disciplinary action, H-2A and domestic worker injuries or illness, worker complaints and concerns, communications with federal agencies, communications with farm labor contractors, all communications with Columbia Fruit Packers, Inc., and documents related to the transportation of H-2A workers in 2017. *See generally id.* at Ex. A.

On December 18, 2020, Stemilt produced a spreadsheet titled, "Stemilt Device Report," which disclosed the make, model, phone number, username, account number, and contract information for each one of more than 500 cell phones and mobile devices that Stemilt has provided to its employees. Pelletier Decl. ¶ 4. Concurrently, the parties executed an ESI Agreement, wherein the parties agreed to negotiate and use search terms to help the reviewing party locate and filter ESI likely to contain discoverable information. *Id.* at ¶ 5. Under this agreement, the reviewing party's attorneys may then

STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR PRODUCTION
- 5 -
052556.007 \ 103030941v3

**STOKES LAWRENCE
VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

1  analyze the materials yielded through the searches to determine whether those materials
2  are responsive to one or more discovery requests and discoverable.

3  Plaintiffs provided their first list of search terms on December 15, 2020. Pelletier
4  Decl. at Ex. C. The parties then negotiated these terms over a period of months, with
5  Stemilt objecting that the Plaintiffs' list included generic terms such as "wait," "apple,"
6  and "bin" that were overbroad, unfocused, and unlikely to result in discoverable
7  information. *See, e.g., id.* at ¶¶ 10-11. This process resulted in a final list of search terms
8  that Plaintiffs insisted that Stemilt run across all custodian devices. *Id.* at ¶ 11.

9  Using Plaintiffs' search terms on Stemilt's .pst files, Stemilt produced all non-
10 privileged documents and materials responsive to Plaintiffs' discovery requests on April
11 23, 2021. *Id.* After learning that Deloitte had retained some information from four
12 employees' 2017 cell phones, Stemilt ran Plaintiffs' search terms on those cell phones;
13 there were no responsive documents. *Id.* at ¶ 15. Stemilt has produced more than 80,000
14 pages of documents and materials using Plaintiffs' search terms and in response to these
15 discovery requests. *Id.* at ¶ 11. It is not withholding any responsive, non-privileged
16 information.

17 Knowing that Stemilt has already produced all responsive, non-privileged
18 information in its possession, custody or control, Plaintiffs appear to argue that Stemilt
19 somehow prevented Plaintiffs from developing different (but unidentified) search terms
20 by failing to timely disclose the existence of cell phone data in Deloitte's files. *See* ECF

21 STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S
PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR
PRODUCTION
- 6
052556.007 \ 103030941v3

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

No. 249 at 7-8. This is the subject of the parties' correspondence and a demonstrably false allegation. *See* ECF Nos. 250-1, -2. Again, Plaintiffs proposed the search terms for all ESI and expressly requested that Stemilt apply those search terms to its 2017 cell phone data. See Pelletier Decl. Ex. D (email from Plaintiffs requesting that Stemilt "run the proposed search terms on the phones"). These proposed terms did not change when Stemilt disclosed, on January 25, 2021, that it was not aware of any text messages from 2017 in its possession, custody, or control. *Id.* at ¶¶ 8-9. And the proposed terms did not change on June 16, 2021 (or anytime thereafter) when counsel informed Plaintiffs that Deloitte had retained some materials and information—including information from certain employee cell phones—as part of its Project Fuji investigation. *Id.*

### 2. No Authority Supports Plaintiffs' Request for All Text Messages

The remainder of Plaintiffs' motion is an argument that the proper remedy for their (baseless) allegations is the immediate wholesale production of all communications, regardless of subject matter, rather than a targeted search for and production of non-privileged communications that are responsive to a Rule 34 request for production of documents. This is the second time Plaintiffs have moved this Court for an order requiring that Stemilt produce irrelevant, non-responsive documents, materials, and information.

Plaintiffs have no right to inspect non-responsive, and/or privileged communications. *See* Fed. R. Civ. P. 26. Conversely, Stemilt and its former employees enjoy constitutional privacy rights that provide protections against disclosure. *See, e.g.,*

STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S
PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR
PRODUCTION
- 7
052556.007 \ 103030941v3

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

*T.S. v. Boy Scouts of Am.*, 157 Wash. 2d 416, 431 (citing *Rhinehart v. Seattle Times Co.*, 98 Wash. 2d 226, 236, 256 (1982) (the article 1, section 7 "private affairs" protection of the Washington Constitution is a privacy interest that trial courts must evaluate when considering a Rule 26 motion for protective order)). These protections are particularly applicable when considering the information that is the subject of Plaintiffs' request: unfiltered access to all of Stemilt's HR representative's communications, meaning that this request likely implicates the privacy interests of other employees.

Plaintiffs have again provided no authority supporting their remarkable demand for irrelevant, non-responsive, and/or privileged communications. They instead complain that they are completely "without recourse to obtain the discovery." ECF No. 249 at 3:7-9. It is unclear what they mean by this—Stemilt has produced all responsive, non-privileged information located using Plaintiffs' own search terms. Plaintiffs never explain what they have not received and why that information would not be captured by the search terms they insisted upon. If Plaintiffs are seeking communications that aren't responsive to an existing discovery request, there is nothing preventing them from propounding a new one. Plaintiffs are certainly not "without recourse."

**C.    Defendant Should Not Bear the Costs of Plaintiffs' Improper Motion**

Fed. R. Civ. P. 37(a)(5) mandates the payment of reasonable expenses, including attorneys' fees, from the unsuccessful party. Accordingly, Stemilt asks that this Court

STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR PRODUCTION
- 8
052556.007 \ 103030941v3

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

grant it its reasonable attorneys' fees and costs incurred in opposing Plaintiffs' motion. Stemilt will provide a cost bill on the denial of Plaintiffs' motion at this Court's direction.

### III. CONCLUSION

Plaintiffs filed this motion in violation of the discovery rules mandating that they first meet and confer in good faith. Worse, the relief they seek is wholesale production of Stemilt communications regardless of content and untethered from any discovery requests. Stemilt has certified that it is not withholding any non-privileged documents or materials that are responsive to Plaintiffs' discovery requests, and Plaintiffs' motion is baseless. This Court should deny Plaintiffs' motion in full and award Stemilt its reasonable attorneys' fees and costs incurred in opposing it. Fed. R. Civ. P. 37(a)(5)(A).

STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR PRODUCTION
- 9
052556.007 \ 103030941v3

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

DATED this 7th day of March, 2022.

                    STOKES LAWRENCE
                    VELIKANJE MOORE & SHORE

By: */s/ Lance A. Pelletier*
     Lance A. Pelletier (WSBA #49030)
     Brendan V. Monahan (WSBA #22315)
     Justo G. Gonzalez (WSBA #39127)
     Maricarmen Perez-Vargas (WSBA #54344)
     Stokes Lawrence Velikanje
     Moore & Shore
     120 N. Naches Avenue
     Yakima, WA 98901-2757
     Telephone: (509) 853-3000
     Fax: (509) 895-0060
     Email: bvm@stokeslaw.com
     lance.pelletier@stokeslaw.com
     justo.gonzalez@stokeslaw.com
     maricarmen.perez-vargas@stokeslaw.com

     Douglas E. Smith (WSBA #17319)
     LITTLER MENDELSON, P.C.
     One Union Square
     600 University Street, Suite 3200
     Seattle, WA 98101-3122
     (206) 623-3300

     Attorneys for Defendant

STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR PRODUCTION
- 10
052556.007 \ 103030941v3

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

# CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2022, I caused the foregoing document to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Maria Diana Garcia | diana.garcia@columbialegal.org |
| Joachim Morrison | joe.morrison@columbialegal.org |
| Andres Munoz | andres.munoz@columbialegal.org |
| Nathan L. Nanfelt | nnanfelt@kellerrohrback.com |
| Laura Gerber | Lgerber@kellerrohrback.com |
| Amy L. Crewdson | Amy.crewdson@columbialegal.org |

By: */s/ Lance A. Pelletier*
Lance A Pelletier (WSBA#49030)
Attorney for Defendant
Stokes Lawrence Velikanje Moore & Shore
120 N. Naches Avenue
Yakima, WA 98901-2757
Telephone: (509) 853-3000
Fax: (509) 895-0060
Email: bvm@stokeslaw.com

STEMILT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR PRODUCTION
- 11
052556.007 \ 103030941v3

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. Naches Avenue
Yakima, Washington 98901-2757
(509) 853-3000