UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO GOMEZ GARCIA, JONATHAN GOMEZ RIVERA, JOSE RODRIGUEZ LLERENAS, FRANCISCO MUNOZ MEDRANO, SANDRO VARGAS LEYVA, ALEJANDRO CHAVEZ MONROY, and VICTOR FRANCISCO PADILLA PLASCENCIA, as individuals and on behalf of all other similarly situated persons,<br><br>            Plaintiffs,<br><br>    v.<br><br>STEMILT AG SERVICES, LLC,<br><br>            Defendant. | NO. 2:20-CV-0254-TOR<br><br>ORDER GRANTING PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion For Partial Summary Judgment Regarding Intervenors' Claim Under RCW 19.30.110(1). ECF No. 265. This matter was submitted for consideration without oral argument because, pursuant to LCivR 7(i)(3)(B)(iii), the Court has determined that oral argument is

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 1

1   unnecessary.  The Court has reviewed the record and files herein, the completed

2   briefing and is fully informed.  For the reasons discussed below, Defendant's

3   motion for partial summary judgment is granted.

4        On September 22, 2021, the original representative Plaintiffs in this matter

5   moved for leave to file a Fourth Amended Complaint.  ECF No. 201.  Plaintiffs

6   sought to add a claim under the FLCA that "Stemilt employees involved in

7   recruiting H-2A workers in 2017 failed to "carry a current farm labor contractor's

8   license at all times and exhibit it to all persons with whom the contractor intends to

9   deal.  RCW 19.30.110(1)." *Id*. at 2.  Prior to this motion, Plaintiffs had never

10  raised claims under RCW 19.30.110(1) in any of its four preceding complaints.  In

11  fact, Plaintiffs previously, affirmatively claimed: "In 2017, Stemilt provided a

12  written disclosure to its H-2A workers as required by the Washington Farm Labor

13  Contractors Act ("FLCA")."  *See e.g.*, ECF Nos. 128 at ¶ 36 (Second Amended

14  Complaint) and 171 at ¶ 36 (Third Amended Complaint).

15       Defendant claims the statute of limitation has run on this claim and it should

16  therefore be dismissed.  Prior to filing suit, the parties entered into a tolling

17  agreement which tolled the statute of limitations for certain claims from December

18  9, 2019, to July 18, 2020.  ECF No. 265 at 3.  Ordinarily, the statute of limitations

19  would have expired, at the latest, on August 14, 2020 according to RCW

20  19.30.170(1).  The tolling agreement extended the statute of limitations for related

1   claims for 212 days, until March 15, 2021, some six months before Plaintiffs

2   sought to add this claim.

3        Plaintiffs contend that the fourth amended complaint which adds this cause

4   of action relates back to the original complaint or that *American Pipe &*

5   *Construction Co. v. Utah*, 414 U.S. 538 (1974) provides for the tolling of the

6   statute.  ECF No. 275.

7                                **DISCUSSION**

8        Federal Rule of Civil Procedure 15(c)(1)(B) provides: "An amendment to a

9   pleading relates back to the date of the original pleading when ... the amendment

10  asserts a claim or defense that arose out of the conduct, transaction, or occurrence

11  set out—or attempted to be set out—in the original pleading. . . ."  Claims arise out

12  of the same conduct, transaction, or occurrence if they "share a common core of

13  operative facts" such that the plaintiff will rely on the same evidence to prove each

14  claim.  *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (citations

15  omitted).

16       Here, there is no common core of operative facts between the alleged

17  Trafficking Victims Protection Act violations, Washington Law Against

18  Discrimination violation, breach of contract violation, willful refusal to pay wages,

19  and the new allegation of a FLCA failure to exhibit a farm labor contractor's

20  license.  Plaintiffs' Fourth Amended Complaint has changed the facts previously

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 3

1  pled and had to include additional facts to support this new claim.  The FLCA
2  claim is a new legal theory depending on different facts, not a new legal theory
3  depending on the same facts.  It therefore does not relate back under Rule 15(c).
4        Plaintiffs also rely on *American Pipe & Construction Co. v. Utah*, 414 U.S.
5  538 (1974), for the proposition that the statute of limitation was tolled from the
6  time the original complaint was filed until the district court refused certification of
7  some of the causes of action.  Plaintiffs misread *American Pipe*.  Tolling is fair in
8  such a case because when the complaint is filed defendants have notice of the
9  "substantive claims being brought against them."  *Williams v. Boeing Co.*, 517
10 F.3d at 1136 (citation omitted).  However, the tolling rule does not "leave[ ] a
11 plaintiff free to raise different or peripheral claims following denial of class
12 status."  *Id*.  Neither the Original, nor the First Amended Complaint, nor the
13 Second Amended Complaint, nor the Third Amended Complaint stated a claim for
14 FLCA failure to exhibit a farm labor contractor's license.
15       Therefore, the statute of limitation was not tolled for that claim.
16 **ACCORDINGLY, IT IS HEREBY ORDERED:**
17     1. Defendant's Motion For Partial Summary Judgment Regarding
18         Intervenors' Claim Under RCW 19.30.110(1), ECF No. 265, is
19         **GRANTED**.
20     2. Plaintiffs' claim under RCW 19.30.110(1) is **DISMISSED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED June 2, 2022.



THOMAS O. RICE
United States District Judge