UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO GOMEZ GARCIA, JONATHAN GOMEZ RIVERA, JOSE RODRIGUEZ LLERENAS, FRANCISCO MUNOZ MEDRANO, SANDRO VARGAS LEYVA, ALEJANDRO CHAVEZ MONROY, and VICTOR FRANCISCO PADILLA PLASCENCIA, as individuals and on behalf of all other similarly situated persons, | NO. 2:20-CV-0254-TOR ORDER GRANTING IN PART AND DENYING IN PART SECOND MOTION FOR CLASS CERTIFICATION |
| Plaintiffs, | |
| v. | |
| STEMILT AG SERVICES, LLC, | |
| Defendant. | |

BEFORE THE COURT is Plaintiffs' Second Motion for Class Certification. (ECF No. 208). This matter was submitted for consideration with oral argument on June 16, 2022. Andres Munoz, Joachim Morrison, Laura R. Gerber, and Nathan Nanfelt appeared on behalf of Plaintiffs. Brendan V. Monahan, Lance A.

Pelletier, and Maricarmen C. Perez-Vargas appeared on behalf of Defendant. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Second Motion for Class Certification is granted in part and denied in part.

## BACKGROUND

This case concerns H-2A farm workers who were employed by Stemilt in Washington. On August 20, 2021, the Court certified the following FLCA class for claims raised under RCW 19.30.110(7): "All Mexican nationals employed at Stemilt Ag Services, LLC in Washington, pursuant to both the 2017 H-2A contract from January 16, 2017 through August 11, 2017 and the H-2A contract from August 14, 2017 through November 14, 2017." ECF No. 193 at 37. Following certification, the Court allowed a final amendment for an FLCA claim relating to the August 2017 Clearance Order. ECF No. 229.

The operative Fourth Amended Complaint raises the following class causes of action: (1) "TVPA Class" for violations under 18 U.S.C. § 1589(a)(3)-(4), RCW 49.60.180(3), and 42 U.S.C. § 1981. ECF No. 233 at 31-33, ¶ A; (2) "Wait Time Class" for violation of RCW 49.52.050(2). *Id.* at 34-35, ¶ B; and (3) "FLCA Class" for violations under RCW 19.30.110(1), (2), (5), (7); RCW 19.30.120(2). *Id.* at 35-38, ¶ C. On June 2, 2022, the Court dismissed Plaintiffs' FLCA claim under RCW 19.30.110(1). ECF No. 286.

ORDER GRANTING IN PART SECOND MOTION FOR CLASS CERTIFICATION ~ 2

Plaintiff moves to certify (1) An FLCA Disclosure Class for H-2A workers who worked only the second contract brought by intervenor Plaintiffs Mr. Rodriguez Llerenas and Mr. Munoz Medrano and (2) A TVPA Class for H-2A workers from the Pasco Region brought by intervenor Plaintiffs Mr. Vargas Leyva, Mr. Chavez Monroy, and Mr. Padilla Plascencia. ECF No. 208 at 2. At the Court's direction, the parties filed supplemental briefing. ECF Nos. 252-53, 255, 257, 267-69, 272-73. Except where noted, the facts are largely the same as those set forth in the Court's prior order. ECF No. 193.

## DISCUSSION

### A. Class Certification Standard

Certification of a class action lawsuit is governed by Federal Rules of Civil Procedure 23. *See Marlo v. UPS, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011) ("Rule 23 governs the class-certification issue even if the underlying claim arises under state law."). Pursuant to Rule 23(a), the party seeking class certification must demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Provided the proposed class satisfies Rule 23(a), courts must further determine whether certification is appropriate under Rule 23(b). Where a party seeks certification of a so-called "damages class" under Rule 23(b)(3), as here, he or she must demonstrate that (1) "questions of law or fact common to class members predominate over any questions affecting only individual members;" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). As the party moving for certification, the plaintiff bears the burden of establishing that the foregoing requirements have been satisfied. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022)).

A court must perform a "rigorous analysis" to determine whether each of these class certification prerequisites has been satisfied. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (emphasizing that a district court "must" consider the merits of a plaintiff's claim to the extent that they overlap with the prerequisites for class certification under Rule 23(a)). That is, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be

prepared to prove that there are *in fact* sufficiently numerous parties, common

questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350.  The ultimate decision to

certify a class is within a court's discretion.  *Vinole v. Countrywide Home Loans,*

*Inc.*, 571 F.3d 935, 944 (9th Cir. 2009).

1.  *Rule 23(a) Requirements*

a.  <u>Numerosity</u>

Rule 23(a)(1) provides that a proposed class must be "so numerous that

joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  "Whether

joinder would be impracticable depends on the facts and circumstances of each

case and does not, as a matter of law, require any specific minimum number of

class members." *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1340

(W.D. Wash. 1998) (citation omitted).  "Generally, 40 or more members will

satisfy the numerosity requirement." *Garrison v. Asotin Cty.*, 251 F.R.D. 566, 569

(E.D. Wash. 2008) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473,

483 (2d Cir. 1995)).  Conversely, the Supreme Court has indicated that a class of

15 "would be too small to meet the numerosity requirement." *Gen. Tel. Co. of the*

*Nw., Inc. v. EEOC,* 446 U.S. 318, 330 (1980).  "Where the exact size of the class is

unknown but general knowledge and common sense indicate that it is large, the

numerosity requirement is satisfied." *Orantes-Hernandez v. Smith*, 541 F. Supp.

351, 370 (C.D. Cal. 1982).

ORDER GRANTING IN PART SECOND MOTION FOR CLASS
CERTIFICATION ~ 5

b.  Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). For purposes of this rule, "[c]ommonality exists where class members' situations share a common issue of law or fact, and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010) (internal quotation and citation omitted). At its core, the commonality requirement is designed to ensure that class-wide adjudication will "generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350 (internal quotation and citation omitted).

"This does not, however, mean that *every* question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single *significant* question of law or fact." *Abdullah v. U.S. Sec. Assoc., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (internal quotation marks omitted). "If a common question will drive the resolution, even if there are important questions affecting only individual members, then the class is 'sufficiently cohesive to warrant adjudication by representation.'" *Jabbari v. Farmer*, 965 F.3d 1001, 1005 (9th Cir. 2020) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997)). Individual defenses do not necessarily render a case unsuitable for class certification. *Ellis*, 657 F.3d at 984.

ORDER GRANTING IN PART SECOND MOTION FOR CLASS
CERTIFICATION ~ 6

c.  Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement serves to ensure that "the interest of the named representative aligns with the interests of the class." *Wolin*, 617 F.3d at 1175. Factors relevant to the typicality inquiry include "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984. Stated differently, "[t]ypicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.*; *see also Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011), *abrogated on other grounds by Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) ("The typicality requirement looks to whether the claims of the class representatives are typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (brackets omitted).

d.  Adequacy of Representation

The final prerequisite for class certification under Rule 23(a)(4) is that "the representative parties will fairly and adequately protect the interests of the class."

1    Fed. R. Civ. P. 23(a)(4).  This requirement applies to both the named class

2    representatives and to their counsel.  "To determine whether named plaintiffs will

3    adequately represent a class, courts must resolve two questions: (1) do the named

4    plaintiffs and their counsel have any conflicts of interest with other class members

5    and (2) will the named plaintiffs and their counsel prosecute the action vigorously

6    on behalf of the class?"  *Ellis*, 657 F.3d at 985 (internal quotations omitted).

7        2.  *Rule 23(b)(3) Requirements*

8        a.  <u>Predominance</u>

9        Under Rule 23(b)(3), the inquiry is whether common questions *predominate*

10   over individualized questions.  *See Wolin*, 617 F.3d at 1172 ("While Rule 23(a)(2)

11   asks whether there are issues common to the class, Rule 23(b)(3) asks whether

12   these common questions predominate.").  Although Rule 23(a)(2) and Rule

13   23(b)(3) both address commonality, "the 23(b)(3) test is 'far more demanding,' and

14   asks 'whether proposed classes are sufficiently cohesive to warrant adjudication by

15   representation.'"  *Id.* (quoting *Windsor*, 521 U.S. at 623-24).

16       b.  <u>Superiority</u>

17       In considering whether class adjudication is superior to separate individual

18   actions, a court must determine "whether the objectives of the particular class

19   action procedure will be achieved in the particular case."  *Hanlon v. Chrysler*

20   *Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998), *overruled on other grounds by Wal-*

1    *Mart*, 564 U.S. at 338.  Courts must consider, *inter alia*, (1) the interests of

2    individual class members in pursuing their claims separately; (2) the extent of any

3    existing litigation concerning the same subject-matter; (3) the desirability of

4    concentrating the litigation in a particular forum; and (4) the feasibility of

5    managing the case as a class action.  Fed. R. Civ. P. 23(b)(3)(A)-(D).  A court's

6    consideration of these factors must "focus on the efficiency and economy elements

7    of the class action so that cases allowed under subdivision (b)(3) are those that can

8    be adjudicated most profitably on a representative basis." *Zinser v. Accufix*

9    *Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir.), *opinion amended on denial of*

10   *reh'g*, 273 F.3d 1266 (9th Cir. 2001) (quotation and citation omitted).

11          As an initial matter, because the Court dismissed Plaintiffs' FLCA claim

12   under RCW 19.30.110(1), that proposed class is denied.  ECF No. 252 at 4-5.  The

13   Court notes Plaintiffs have not moved to certify class claims alleged in the Fourth

14   Amended Complaint under Count IV (WLAD – TVPA Class), Count VII (Wages

15   – Wait Time Class), Count VIII (Alienage Discrimination – TVPA Class), and

16   Count VI claims under RCW 19.30.110(5) and 19.30.120(2).  *See* ECF No. 233.

17   As a result, the Court does not address these claims.

18          **B.  Previously-Certified FLCA Disclosure Class**

19          The Court previously certified an FLCA class for claims arising under RCW

20   19.30.110(7) for "All Mexican nationals employed at Stemilt Ag Services, LLC in

ORDER GRANTING IN PART SECOND MOTION FOR CLASS
CERTIFICATION ~ 9

Washington, pursuant to *both* the 2017 H-2A contract from January 16, 2017 through August 11, 2017 and the H-2A contract from August 14, 2017 through November 15, 2017." ECF No. 193 at 37.  RCW 19.30.110(7) requires farm labor contractors to furnish a form to workers that contains required disclosures.

Regarding the Court's certification under RCW 19.30.110(7) only, "Plaintiffs assume this was a clerical error and the Court meant to include the bond disclosure claim under RCW 19.30.110(2)." ECF No. 252 at 4 (footnote).[1]  This was not a clerical error.  The only claim the Court certified under RCW 19.30.110(7) was on the "admittedly novel"[2] issue of whether Defendant was required to distribute two forms to workers who worked two contracts:

> Subject to the limitations described above, the Court finds that the predominance requirement is met as to the FLCA Disclosure Claims for the subclass of workers who worked on both contracts on the issue of *whether Defendant was required to provide a second FLCA disclosure for the second contract.* This legal statutory analysis question will provide a single answer for all members of the subclass.

ECF No. 193 at 29 (emphasis added).

---

[1]    At times, the Court lumped the FLCA claims together.  *See* ECF No. 193 at 13.  However, claims under RCW 19.30.110(2) and (7)(h) were not previously certified as there was no analysis as to these distinct claims.

[2]    ECF No. 193 at 16.

ORDER GRANTING IN PART SECOND MOTION FOR CLASS CERTIFICATION ~ 10

1    Plaintiffs' other FLCA disclosure claims are substantively different.

2    Whether Defendant was required to provide a second form is distinct from whether

3    the forms included content required by RCW 19.30.110(2) and (7)(h).  Therefore,

4    the Court cannot broadly certify the proposed class on the grounds of the Court's

5    prior order, as Plaintiffs suggest.  Nonetheless, for the reasons discussed *infra*, the

6    Court will certify the claims under RCW 19.30.110(2) and (7)(h) for the proposed

7    class and for the previously-certified class.

8    **C.  FLCA Disclosure Class on Second Contract**

9    Plaintiffs propose an FLCA Disclosure Class for claims brought under RCW

10    19.30.110(2), (7), and (7)(h) for "All Mexican nationals employed by Stemilt Ag

11    Services, LLC in Washington, pursuant only to the second H-2A contract from

12    August 14, 2017 through November 15, 2017."  ECF No. 208, 252.

13    *1.  Rule 23(a) Requirements*

14    a.  Numerosity

15    Defendant concedes numerosity for the FLCA disclosure claims.  ECF No.

16    244 at 12.  In any event, the Court finds 359 proposed class members meets the

17    numerosity requirement.  *See Garrison v. Asotin Cty.*, 251 F.R.D. 566, 569 (E.D.

18    Wash. 2008) ("Generally, 40 or more members will satisfy the numerosity

19    requirement.").

20    //

ORDER GRANTING IN PART SECOND MOTION FOR CLASS
CERTIFICATION ~ 11

1
    b.  <u>Commonality</u>

2
    Plaintiffs asserts commonality exists on the FLCA disclosure claims due to

3
the common question of whether Defendant's uniform FLCA form provided the

4
requisite disclosures.  ECF No. 252 at 7.  Plaintiffs allege the disclosures "did not

5
include the dates of employment for the apple harvest, piece-rate wages offered, or

6
names and addresses of all orchard owners where they could be employed."  ECF

7
No. 252 at 4.  Defendant argues "Plaintiffs do not address the elements of their

8
claims, let alone that these claims may be established with common evidence."

9
ECF No. 267 at 7.  Because the forms are identical, common evidence will

10
"generate common answers apt to drive the resolution of the litigation."  *Dukes*,

11
564 U.S. at 350.  Therefore, the commonality requirement is met.

12
    c.  <u>Typicality</u>

13
    Plaintiffs assert typicality exists on the FLCA disclosure claims because

14
Intervenor-Plaintiffs Mr. Rodriguez Llerenas and Mr. Munoz Medrano are workers

15
who only worked on the second contract.  ECF No. 252 at 7.  Defendant argues

16
that typicality is not met because Intervenor-Plaintiffs were not "recruited" and the

17
disclosures were not inadequate.  ECF No. 267 at 23-24.  The Court notes

18
Defendant admitted it recruited H-2A workers, including Intervenor-Plaintiffs Mr.

19
Rodriguez Llerenas and Mr. Munoz Medrano.  ECF No. 242 at 10, ¶¶ 45, 130, 133.

20

Intervenor-Plaintiffs set forth the factual circumstances demonstrating claims typical of the class: the injury across class members is the receipt of identical inadequate disclosures and legal arguments will center on whether these disclosures are inadequate under Washington law. Defendant's concerns are more appropriately addressed in a motion on the merits through summary judgment or through decertification following discovery.[3] The Court finds that Intervenor-Plaintiffs who worked on the second contract have claims typical of class wide resolution. *Ellis*, 657 F.3d at 984. Therefore, the typicality requirement is met.

d. <u>Adequacy</u>

Defendant concedes adequacy of counsel. ECF No. 244 at 12. However, Defendant disputes that Intervenor-Plaintiffs are adequate representatives for the FLCA claims because they were not "recruited" and that both Intervenor Plaintiffs Mr. Rodriguez and Mr. Padilla have failed to appear for depositions and Plaintiffs' counsel are unable to get in touch with them. ECF No. 267 at 21-22, 26. As noted *supra*, Defendant admitted it recruited Intervenor-Plaintiffs Mr. Rodriguez

---

[3]    The initial discovery cutoff was September 15, 2021. ECF No. 23 at 4. This deadline was stayed pending the Court's ruling on the first motion for class certification. ECF No. 159. An updated scheduling order is forthcoming.

ORDER GRANTING IN PART SECOND MOTION FOR CLASS CERTIFICATION ~ 13

1  Llerenas and Mr. Munoz Medrano.  ECF No. 242 at 10, ¶¶ 130, 133.  Moreover,

2  the failure to attend past depositions is alone not sufficient to render Intervenor

3  Plaintiffs inadequate class representatives.  *Caldera v. Am. Med. Collection*

4  *Agency*, 320 F.R.D. 513, 518 (C.D. Cal. 2017).

5        The Court finds no reason to doubt the competency or commitment of the

6  class representative and class counsel, nor does the Court identify any conflicts at

7  present.  If Intervenor Plaintiffs fail to vigorously prosecute the action moving

8  forward, Defendant may move to decertify the class.  Therefore, at this time,

9  adequacy of representation has been established.

10        2.  *Rule 23(b)(3) Requirements*

11        a.  Predominance

12        Plaintiff relies on the Court's prior ruling to establish predominance.  ECF

13  No. 252 at 8.  As discussed *supra*, the claims are not identical.  While not identical,

14  Plaintiff's FLCA disclosure claims are straightforward.  RCW 19.30.110(2)

15  requires a farm labor contractor to "[d]isclose to every person with whom he or she

16  deals in the capacity of a farm labor contractor the amount of his or her bond and

17  the existence and amount of any claims against the bond."  RCW 19.30.110(7)(h)

18  requires a farm labor contractor to furnish a form to each worker that includes

19  "[t]he name and address of the owner of all operations, or the owner's agent, where

20

the worker will be working as a result of being recruited, solicited, supplied, or employed by the farm labor contractor."

Because Defendant provided uniform disclosures, the Court finds that the FLCA disclosure claims under RCW. 19.30.110(2) and (7)(h) are sufficiently cohesive to warrant adjudication by class representation with little to no individualized inquiries required. *Wolin*, 617 F.3d at 1172. Defendant's substantive arguments are best suited for briefing on the merits. Therefore, the predominance requirement is met.

   b. Superiority

The Court previously found the superiority element met where, the class members have limited English proficiency, financial resources, and understanding of this country's legal system, most members reside in Mexico, Defendant and most potential witnesses are in this District, and most individual claims would be time barred at this point. ECF No. 193 at 36. The Court finds the superiority requirement met for the same reasons stated in the prior Order.

Finding both Rule 23(a) and 23(b) satisfied, the Court grants class certification for Plaintiff's FLCA Disclosure Subclass for claims brought under RCW 19.30.110(2) and (7)(h).

//

//

ORDER GRANTING IN PART SECOND MOTION FOR CLASS CERTIFICATION ~ 15

### D.  Pasco Area TVPA Class for Production Allegations

Plaintiffs propose a narrowed TVPA Class for Pasco region workers for Counts I and II "All Mexican nationals employed by Stemilt Ag Services, LLC in Stemilt's three Pasco area orchards of Ice Harbor, Arrow Ridge, and JVO, pursuant to the 2017 H-2A contract from August 14, 2017 through November 15, 2017." ECF No. 252 at 2.  The production requirement claims are brought under 18 U.S.C. § 1589(a)(4) and 18 U.S.C. § 1589(a)(3).  ECF No. 233 at 38-39, ¶¶ 19-21.[4]

As relevant here, the TVPA prohibits a person from obtaining labor or services through "abuse or threatened abuse of law or legal process" and through "any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint." 18 U.S.C. §§ 1589(a)(3), (4).  "Serious harm" is defined as "harm … that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order

---

[4]     Plaintiffs make a passing reference to include the breach of contract claims. ECF No. 208 at 6.  The Court declines to consider this count without full briefing. In any event, individual issues would predominate for the same reasons as the TVPA claims.  *See* ECF No. 193 at 25.

1   to avoid incurring that harm." 18 U.S.C. § 1589(c)(2). The threat to immigrants of

2   being forced to leave the country qualifies as serious harm. *United States v. Dann*,

3   652 F.3d 1160, 1172 (9th Cir. 2011).

4         The Court previously found Plaintiffs presented evidence of a common

5   policy from upper management that directs "progressive disciplinary action due to

6   not following the supervisor's instructions, rather than low production." ECF No.

7   193 at 21-22. However, the Court found that implementation of the discretionary

8   policy would predominate litigation due to the various orchards and conflicting

9   worker experiences. *Id.* at 24. Plaintiffs argue predominance is now satisfied with

10  new evidence from Ms. Ana Guerrero demonstrating a standard practice of

11  imposing a bin production requirement. ECF No. 252 at 16.

12        This testimony does not overcome the individual inquiries needed to prove

13  injury or liability for the TVPA claims. *Castillo v. Bank of AM., NA*, 980 F.3d 723,

14  732 (9th Cir. 2020). There is little uniformity in the workers' experience regarding

15  threatened abuse or harm, even considering the new evidence. *Saucedo v. NW*

16  *Mgmt. & Realty Servs., Inc.*, 290 F.R.D. 671, 680 (E.D. Wash. 2013). For

17  example, the "discipline" for not meeting the alleged productivity standard would

18  include warnings, remedial training, coaching, reassignment, or no discipline at all.

19  *See, e.g.*, ECF Nos. 268-9 at 4, ¶¶ 6-7; 268-11 at 4, ¶¶ 5-7; 268-12 at 4, ¶¶ 7-8;

20  268-13 at 3, ¶¶ 5-6; 268-14 at 4-5, ¶¶ 7-9; 268-15 at 3-4, ¶¶ 6-8; 268-16 at 4, ¶¶ 8-

10; 269 at 6-7, ¶¶ 19-20.  These examples highlight a broad array of individual questions as to injury and liability that overwhelm the common issue of a production standard.  The Court finds once again that the predominance requirement is not met for the TVPA claims.  *See* ECF No. 193 at 24-25.  The Court declines to consider the remaining Rule 23(a) and 23(b) requirements.

### E.  Pasco Area TVPA Class for Visa Allegations

Plaintiffs propose a TVPA Class for Pasco region workers for Count III for "All Mexican nationals employed by Stemilt Ag Services, LLC in Stemilt's three Pasco area orchards of Ice Harbor, Arrow Ridge, and JVO, pursuant to the 2017 H-2A contract from August 14, 2017 through November 15, 2017."  ECF No. 252 at 2.  The visa withholding claims are brought under 18 U.S.C. § 1592(a).  ECF No. 233 at 39-40, ¶¶ 22-23.

As relevant here, the TVPA prohibits person from "knowingly destroy[ing], conceal[ing], remov[ing], confiscate[ing], or possess[ing] any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person …. with intent to violate section 1589 [or] to prevent or restrict or attempt to prevent or restrict, without lawful authority, the person's liberty to move or travel, in order to maintain the labor or services of that person, when the person is or has been a victim of a severe form of trafficking in persons."  18 U.S.C. § 1592(a).

The Court previously found Plaintiffs presented no evidence of any common policy, specifically noting any withholding was limited to the Tri-Cities area. ECF No. 193 at 28. In response, Plaintiffs have narrowed the class to the Tri-Cities area, specifically the "Pasco Region." ECF No. 208. Plaintiffs also assert new evidence from Ms. Guerrero that "confirms that she told all workers at the three Pasco area orchards not to leave the orchards because if they were pulled over and a government official wanted to see their documentation, it would be difficult to prove that the workers were in the U.S. legally without the visa extensions." ECF No. 252 at 13.

Defendant points out that Plaintiffs' proposed class includes workers whose visa applications were not processed by USCIS until October 5, 2017 and workers who received the visas prior to arrival in the in August 2017. ECF No. 267 at 20-21. In reply, Plaintiffs assert this variety of claims (or lack thereof) "can be easily resolved by creating a subclass of H-2A workers from the Pasco region who worked both contracts, and thus, were subjected to fear due to Stemilt's failure to properly inform workers of their visa status and for telling them to remain within the labor camps." ECF No. 272 at 10.

Plaintiffs' proposed class fails the predominance prong, as individual issues on how and when workers obtained permits varies substantially. Even if the Court were to adopt Plaintiffs' further narrowing of the proposed class, Ms. Guerrero's

testimony is not common evidence to prove the TVPA claim. The testimony does not show Defendant knowingly concealed, confiscated, possessed or otherwise unlawfully withheld any permits in order to maintain the labor or services of any person. 18 U.S.C. § 1592(a). Plaintiffs do not address that the delay in the visa renewals was due to USCIS, and there is no evidence that Defendant was in possession of the permits at the time Ms. Guerrero told an unknown number of workers not to leave the orchards without the (pending) permits. *See* ECF Nos. 267 at 18, 272 at 10. The Court finds the predominance requirements is not met for this TVPA claim. The Court declines to consider the remaining Rule 23(a) and 23(b) requirements.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Second Motion for Class Certification is **GRANTED in part** and **DENIED in part**.

1. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court hereby certifies the following "FLCA Disclosure Class" in this case:

    a. All Mexican nationals employed by Stemilt Ag Services, LLC in Washington, pursuant only to the second H-2A contract from August 14, 2017 through November 15, 2017 who received disclosures in violation of RCW 19.30.110(2) and (7)(h).

ORDER GRANTING IN PART SECOND MOTION FOR CLASS CERTIFICATION ~ 20

2.  Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court hereby certifies the following claims, including all damages related thereto:

    a.  The claim that Defendant, as a farm labor contractor, did not disclose to every person with whom it dealt in the capacity of a farm labor contractor the amount of its bond and the existence and amount of any claims against the bond.

    b.  The claim that Defendant, as a farm labor contractor, did not disclose, on a form prescribed by the director, furnished to each worker, at the time of hiring, recruiting, soliciting, or supplying, whichever occurs first, a written statement in English and any other language common to workers who are not fluent or literate in English that contains a description of: The name and address of the owner of all operations, or the owner's agent, where the worker will be working as a result of being recruited, solicited, supplied, or employed by Defendant.

3.  Because the Court did not define the claim associated with the "FLCA Disclosure Subclass" certified in ECF No. 193, the Court hereby certifies the following claim, including all damages related thereto:

The claim that Defendant, as a farm labor contractor, did not disclose, on a form prescribed by the director, furnished to each worker, at the

ORDER GRANTING IN PART SECOND MOTION FOR CLASS CERTIFICATION ~ 21

time of hiring, recruiting, soliciting, or supplying, whichever occurs first, a written statement in English and any other language common to workers who are not fluent or literate in English that contains a description of: The name and address of the owner of all operations, or the owner's agent, where the worker will be working as a result of being recruited, solicited, supplied, or employed by Defendant.

4. Intervenor-Plaintiffs Jose Rodriguez Llerenas and Francisco Munoz Medrano are appointed as Class Representatives.

5. Columbia Legal Services and Keller Rohrback L.L.P. are appointed as Class Counsel.

6. Pursuant to Rule 23(c)(2)(B), within fourteen (14) days from the date of this Order, class counsel shall serve and file a proposed "Notice" to members of the certified classes and suggest a method by which this should be accomplished and at whose expense. This "Notice" shall comply with the requirements of Rule 23(c)(2)(B).

7. Defendant shall have fourteen (14) days from service of the proposed "Notice" to serve and file any objections to the same.

8. Class counsel shall have seven (7) days from service of any objection to serve and file a reply to the same.

ORDER GRANTING IN PART SECOND MOTION FOR CLASS CERTIFICATION ~ 22

1   9. The Court will thereafter Order how Notice is to be provided to class

2 members.

3   The District Court Executive is directed to enter this Order and furnish

4 copies to counsel.

5   DATED July 14, 2022.



       THOMAS O. RICE
      United States District Judge