BRENDAN V. MONAHAN (WSBA #22315)
LANCE A. PELLETIER (WSBA #49030)
JUSTO G. GONZÁLEZ (WSBA #39127)
MARICARMEN C. PEREZ-VARGAS (WSBA #54344)
STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. Naches Avenue
Yakima, Washington 98901-2757
(509) 853-3000

DOUGLAS E. SMITH (WSBA #17319)
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101-3122
(206) 623-3300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO GÓMEZ GARCIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> and <br><br> JOSÉ RODRÍGUEZ LLERENAS, *et al.* <br><br> Intervenor Plaintiffs, <br><br> v. <br><br> STEMILT AG SERVICES, LLC, <br><br> Defendant. | Case No.: 2:20-cv-254-TOR <br><br> STEMILT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (COUNT SIX) <br><br> [Noted for:] October 21, 2022, at 6:00 PM <br> Without oral argument |

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 0
052556.007 \ 103196968v7

## I. INTRODUCTION

Summary judgment should be entered against Plaintiffs' class-wide FLCA claims asserted under Count Six (¶¶ 34-37) of the Fourth Amended Complaint because there is no dispute that Plaintiffs and all class members received FLCA disclosures identifying Stemilt as the owner or owner's agent of all relevant worksites, as well as written disclosures with Stemilt's 2017 bond information. These claims, asserted under RCW 19.30.110(2) and 19.30.110(7)(h), are the only FLCA claims to have been certified for class treatment.[1]

Though they initially cast this as a "human trafficking" case, Plaintiffs are now attempting to cobble together FLCA claims that are directly contradicted by the facts. There is no support for Plaintiffs' contrived theory, unpled and ad-libbed during oral argument, that Stemilt was obligated to provide duplicative, identical FLCA disclosures to its H-2A workers who worked continuously under both contracts in 2017. Similarly, nothing in the FLCA requires farm labor contractors to disclose the *registered* agents of the owners of the operations where workers will work. Finally, there is no dispute that Stemilt did disclose the amount of its bond to

---

[1] This motion only concerns FLCA claims that have been certified for class treatment at ECFs 290 and 193. The Court previously dismissed Plaintiffs' claims under RCW 19.30.110(1). ECF 286.

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 1
052556.007 \ 103196968v7

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

all H-2A workers in 2017. For these reasons, and as explained below, Stemilt respectfully moves for an order dismissing Count Six (¶¶ 34-37) of the Fourth Amended Complaint.

## II.  STATEMENT OF FACTS

A.  **Stemilt's 2017 H-2A Contracts and FLCA Disclosures**

In 2017, Stemilt farmed 5,219 acres and harvested nearly 300,000 bins of apples, each record amounts. *See* accompanying Statement of Material Facts ("SMF") 4, 5. Much of the harvest labor was performed by guest laborers hired under the federal H-2A guest worker program. SMF 6. Stemilt received approval from the United States Department of Labor to employ 905 H-2A workers for the first part of the season, and 1,146 H-2A workers for the apple harvest. SMF 7-9. The approvals were for two consecutive contracts. SMF 7.

The first contract ran from January 16, 2017, until August 11, 2017, and the second contract began on August 14, 2017, ending on November 15, 2017. ECF 233 ¶¶ 55-56. With a gap of just two days between contracts, workers staying on for the second contract were considered continuous employees: they stayed in Stemilt-provided housing and continued to have access to Stemilt's resources, such as its medical clinic. SMF 10. Workers who worked both contracts were only asked to complete employment forms, such as I-9s, W-4s, meal waivers, emergency contact information, and direct deposit information once, at the beginning of the first

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 2
052556.007 \ 103196968v7

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON  98901-2757
(509) 853-3000

contract. SMF 10. Workers were treated as continuous employees for payroll purposes, and continued to receive payroll bank deposits without interruption throughout both contracts. SMF 10. Stemilt paid L&I and ESD premiums for workers continuously throughout both contracts. SMF 10.

Of the 1,146 H-2A workers who worked during the 2017 harvest, 787 had also worked the first contract. SMF 9. The remaining 359 workers were new H-2A recruits from Mexico, and workers who completed H-2A contracts with other Washington H-2A employers. *Id.*; ECF 95 ¶ 23.

Plaintiffs Gilberto Gómez Garcia and Jonathan Gómez Garcia are Mexican nationals who worked for Stemilt as H-2A farm workers in 2017. ECF 233 at 3. Each of them agreed to work under both H-2A contracts. ECF 233 at 13, 17. Intervenor Plaintiffs Francisco Muñoz Medrano and Jose Rodriguez Llerenas are Mexican nationals who worked for Stemilt as H-2A farm workers in 2017 and only worked under the second H-2A contract. ECF Nos. 200-2, 69-5, 200-1.

Stemilt was a licensed Washington State farm labor contractor in 2017. SMF 11. In that role, it created an FLCA Disclosure Statement that was provided to all orchard employees, H-2A and local workers alike. SMF 12-18. The FLCA Disclosure Statement clearly identified Stemilt as the "Employer" and provided Stemilt's address for purposes of reaching either Stemilt or any of the "growers" for

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 3
052556.007 \ 103196968v7

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

whom Stemilt might be farming. SMF 13. It is undisputed that each Plaintiff and Intervenor Plaintiff received a copy of the Disclosure Statement. SMF 20-23.

Gilberto Gómez Garcia worked at four orchards between August and November 2017: Juniper Vista Orchard (JVO), Saddle Mountain, KTW, and TKM Radar Hill. SMF 24. Jonathan Gómez Rivera worked at two orchards: Ice Harbor and Arrow Ridge. SMF 25. Francisco Muñoz Medrano worked at three orchards: KTW, Saddle Mountain, and TKM Radar Hill. SMF 27. Jose Rodriguez Llerenas worked at four orchards: Arrow Ridge, Ice Harbor, KTW, and Saddle Mountain. SMF 27. Stemilt Growers, LLC, owned Ice Harbor, and the rest were farmed under written management or lease agreements. SMF 28-41.

All workers in 2017 received identical disclosures. SMF 15-23. The FLCA disclosure provided to all H-2A workers in fact disclosed "the amount of Stemilt's wage bond under RCW 19.30.110(2)" at page 2. SMF 12.

**B.    Procedural History**

Stemilt produced copies of the Disclosure Statements Stemilt had hand-delivered to each Plaintiff, providing: the identification of Stemilt as the employer, Stemilt's address, the names of the owners of each additional orchard/growing operation for which Stemilt was acting as an agent, and the addresses for the places of employment for each additional grower/owner. ECF 98, ¶ 6. Stemilt produced all Representative Plaintiffs' signature pages acknowledging receipt of these

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 4
052556.007 \ 103196968v7

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

1  disclosures, as well as documents showing its ownership and/or management of each location. *Id.* at ¶ 7; Declaration of Lance A. Pelletier ¶ 2.

On August 20, 2021, Judge Mendoza certified an "admittedly novel" claim that workers who worked the two consecutive contracts in 2017 were entitled to a second set of FLCA disclosures identical to the set Stemilt handed them at the time of recruitment. *See* ECF 193 at 29. This was the *only* claim certified for class treatment in August 2021, and only for the class of H-2A workers who worked on *both* 2017 contracts. ECF 290 at 10; ECF 193 at 37.

On July 14, 2022, this Court certified an additional class of workers employed pursuant to the second 2017 H-2A contract. ECF 290 at 20-23. As to this class, this Court certified claims that Stemilt provided disclosures that were out of compliance with RCW 19.30.110(2), requiring bond information, and RCW 19.30.110(7)(h), requiring owner or owner's agent information, for the new class. ECF 290 at 11, 20-21. The Court certified one additional claim under RCW 19.30.110(7)(h) for the previously certified class. *Id.*; ECF 300. In its Order, the Court indicated skepticism that these claims would survive a review of their merits. *See* ECF 290 at 13, 15.

The following claims have been certified:

(1) On behalf of H-2A workers who worked under both contracts in 2017:

(a) whether these workers were entitled to second, identical FLCA disclosures ahead of their work on the second contract; and (b) whether the

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 5
052556.007 \ 103196968v7

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. Naches Avenue
Yakima, Washington  98901-2757
(509) 853-3000

FLCA disclosures that these workers did receive prior to their work on the first contract violated RCW 19.30.110(7)(h) by failing to disclose the name and address of the owner or owner's agent of the locations where the workers would work; and

(2) On behalf of H-2A workers who worked under the second contract in 2017 *only*: (a) whether the FLCA disclosures these workers received violated RCW 19.30.110(7)(h) by failing to disclose the name and address of the owner or owner's agent of the locations where the workers would work; and (b) whether the FLCA disclosures these workers received violated RCW 19.30.110(2) by failing to disclose the amount of Stemilt's bond.

All of these claims should be dismissed.

## III. STATEMENT OF ISSUES

1. Should the Court dismiss Plaintiffs' claims under RCW 19.30.110(2) where the undisputed evidence shows all workers in 2017 received accurate information about Stemilt's bond? **YES**.

2. Should the Court dismiss Plaintiffs' claims under RCW 19.30.110(7)(h) where Stemilt was indisputably the owner or owner's agent of all locations where Plaintiffs worked, and Stemilt's disclosures accurately stated its name and address? **YES**.

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 6
052556.007 \ 103196968v7

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

3. Should the Court dismiss Plaintiffs' claim that H-2A workers working continuously under both 2017 contracts should have received a second, identical FLCA disclosure for the second contract, where the FLCA explicitly only requires disclosures to be provided once during the employment relationship? **YES**.

## IV. AUTHORITY

### A. Summary Judgment Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). To establish the existence of a disputed issue of material fact, a party must present information based on personal knowledge and set forth specific facts. *See* Fed. R. Civ. P. 56(c)(2), (4); *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995). "Evidence must be 'specific and substantial[.]'" *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005). Conclusory allegations cannot defeat summary judgment. *See Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1078 (9th Cir. 2003). Finally, courts may only consider admissible evidence when ruling on summary judgment. Hearsay is inadmissible on summary judgment to the same

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 7
052556.007 \ 103196968v7

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

extent it would be at trial, as is testimony that is not based on the declarant's personal knowledge of the events detailed in the testimony. *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997).

**B.  Stemilt Disclosed the Amount of its Bond to All 2017 Workers.**

All workers employed under an H-2A contract in 2017 received information about Stemilt's bond. Plaintiffs know this, and the persistence of this claim strongly suggests bad faith.

Stemilt had a $20,000 bond in 2017. SMF 12. The FLCA disclosure provided to all H-2A workers in 2017 disclosed this amount:

| Name of farm labor contractor | Stemilt Ag Services, LLC | | Phone Number | |
|---|---|---|---|---|
| Address | P.O. Box 2837 | City Wenatchee | State WA | ZIP+4 98807 |
| Surety bond – Name of surety | Travelers Casualty and Surety Company of America | | | Amount of bond $ **20,000.00** |
| Address | One Tower Square | City Hartford | State WA | ZIP+4 06183 |

Washington Farm Labor Contractor's Law requires all farm labor contractors to maintain a surety bond or cash deposit with the

Plaintiffs have never disputed this amount, nor do they dispute Stemilt provided this information to every Representative Plaintiff and class member. This claim should be dismissed because there are no disputed material issues: the amount of Stemilt's bond is written on the form provided to each H-2A worker in 2017.

**C.  Operations' Owners or Owners' Agents Were Disclosed to All 2017 H-2A Workers.**

The FLCA requires farm labor contractors to disclose to workers "the name and address of the owner of all operations, *or owner's agent*, where the worker will

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 8
052556.007 \ 103196968v7

be working." RCW 19.30.110(7)(h) (emphasis added). The statute does not define the term "agent." In the absence of a statutory definition, courts give terms their plain and ordinary meaning. *State v. Watson*, 146 Wn.2d 947, 955, 51 P.3d 66 (2002).

The dictionary definition of "agent" is "one who is authorized to act for or in the place of another." Merriam-Webster, *Definition of* agent, https://www.merriam-webster.com/dictionary/agent (last accessed July 22, 2022). This is consistent with definitions in Washington law:

> An agent is a person employed under an express or implied agreement to perform services for another, called the principal, and who is subject to the principal's control or right to control the manner and means of performing the services. [One may be an agent even though he or she receives no payment for services.] [The agency agreement may be oral or in writing.]

Washington Pattern Jury Instruction 50.01; *see also* Ninth Circuit Model Civil Jury Instruction § 4.4 (defining "agent").

There is no dispute that Stemilt satisfied this requirement. During the second contract in 2017, Representative Plaintiffs worked in the following orchards: (1) JVO; (2) Saddle Mountain; (3) KTW; (4) TKM Radar Hill; (5) Ice Harbor; and (6) Arrow Ridge. SMF 24-27. Each of these locations are fully addressed at Stemilt's March 2021 Motion for Summary Judgment, ECF 91 at 9-13, and further briefed at ECF Nos. 99 at 17-19, 139 at 2-7. Stemilt is undisputedly the "owner" of Ice Harbor, and the "owner's agent" for Saddle Mountain, JVO, KTW, Arrow Ridge, and TKM. As the owner of the fruit grown on site, one might quibble about whether Stemilt is

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 9
052556.007 \ 103196968v7

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

the "owner of all operations", or the owner's "agent" under the TKM Radar Hill lease—but it's indisputably one or the other, if not both. Stemilt's address is obviously on the FLCA disclosure. ECF 96-9.

Furthermore, this claim is time barred as to the class of workers who worked both H-2A contracts and received this disclosure prior to their work on the first contract. ECF 193 at 15 ("The Court has previously ruled that FLCA Disclosure Claims arising out of the first H-2A contract are time-barred."); ECF 153 at 7 ("FLCA Disclosure Claims arising from the January 2017 Clearance Order do not relate back to the Draft Complaint."). This Court should dismiss this claim against that class on this basis alone, and as to both classes because it is demonstrably false.

**D.    The FLCA Does Not Require Farm Labor Contractors to Provide Duplicative Disclosures to their Employees.**

Plaintiffs' "novel legal theory" that H-2A workers should have received two identical sets of disclosures when they worked both 2017 contracts without interruption in the employment relationship is contradicted by the text of the FLCA. It has also never been pleaded. *See generally* ECF 233; ECF 193 at 16.[2]

---

[2] Despite being filed after the first ruling on class certification in this matter, the Fourth Amended Complaint does not include any mention of the only claim the Court certified following that hearing. *See generally* ECF 233. After four amendments, Plaintiffs fail to "support a cognizable legal theory," and this claim

STEMILT'S MOTION FOR SUMMARY
JUDGMENT - 10
052556.007 \ 103196968v7

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

The FLCA requires farm labor contractors to provide certain disclosures once during the course of the employment relationship. The FLCA is explicit in mandating only one set of disclosures. Disclosures are required "at the time of hiring, recruiting, soliciting, <u>or</u> supplying, <u>whichever occurs first</u>." RCW 19.30.110(7) (emphasis added). Nothing in the statute suggests that multiple disclosures are mandated for the same employment relationship where none of the underlying facts, terms, or conditions have changed.

To the extent Plaintiffs argue that there was a break in their employment between the first and second contract, the undisputed record is otherwise. The FLCA does not define "employee," and under Washington law, determining the employment status of an individual at any given time is up to the employer. WAC Chapter 296-126 and the Industrial Welfare Act define "employee" simply as "an employee who is employed in the business of [their] employer whether by way of manual labor or otherwise." WAC 296-126-002(2). *See also* RCW 49.12.005(4) (providing a substantively similar definition). "Employ" means to "engage, suffer or permit to work." WAC 296-126-002(3). The Minimum Wage Act's definitions are

---

should be dismissed for this reason alone. *See Caltex Plastics, Inc. v. Lockheed Martin Corp*, 824 F.3d 1156, 1159 (9th Cir. 2016).

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 11
052556.007 \ 103196968v7

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

similarly broad: "'employee' includes any individual employed by an employer" and "'employ' includes to permit to work." RCW 49.46.010(2)-(3).

Plaintiffs do not dispute that all class members who worked the consecutive 2017 H-2A contracts received FLCA disclosures prior to the first contract. Stemilt employed these workers continuously. SMF 7, 10. Stemilt's 2017 contracts were consecutive: the first contract ran from January 16, 2017, until August 11, 2017, and the second contract began on August 14, 2017, ending on November 15, 2017. ECF 233 ¶¶ 55-56.[3]

All employees who worked under both contracts, including domestic and foreign H-2A workers, were considered continuous employees. Workers who worked under both contracts were only asked to complete employment forms, such as I-9s, W-4s, meal waivers, emergency contact information, and direct deposit information once, at the beginning of the first contract. SMF 10. H-2A workers who worked under both contracts remained in their Stemilt housing continuously, and had uninterrupted access to Stemilt's employee resources. SMF 10.

Workers were treated as continuous employees for payroll purposes, and continued to receive payroll bank deposits without interruption throughout both

---

[3] August 12 and 13, 2017 were a Saturday and Sunday.

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 12
052556.007 \ 103196968v7

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

contracts. SMF 10. Stemilt paid L&I and ESD premiums for workers continuously throughout both contracts. SMF 10.

Stemilt uses payroll codes to indicate a separation or gap in employment. These codes indicate reasons for separations such as "quit," "discharged," "end of season," and others. SMF 10. Gilberto Gómez Garcia and Jonathan Gómez Rivera only show one separation code each for the entire 2017 season: 5, which means "Quit – No Recom-Rehire" on October 21, 2017, and October 19, 2017, respectively. SMF 10. These are the dates on which both representative Plaintiffs voluntarily abandoned their employment with Stemilt. ECF 97 at 9-10.

Had there been a separation and rehire during the 2017 season between the two contracts, a worker's records would contain a separation form, a termination reason in the payroll system with a termination date, and rehire onboarding paperwork. SMF 10. Gilberto Gómez Garcia's and Jonathan Gómez Rivera's employment records only show their separations on October 21, 2017, and October 19, 2017, and do not contain any rehire onboarding paperwork. SMF 10.

More significantly, Plaintiffs' interpretation of the FLCA to require duplicative disclosures is absurd and would serve no purpose other than to perpetuate the assertion of baseless claims. Common sense informs courts' analysis of statutes, which must "avoid absurd results in statutory interpretation." *State v. Alvarado*, 164 Wn.2d 556, 562, 192 P.3d 345 (2008). Insisting that the FLCA requires farm labor

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 13
052556.007 \ 103196968v7

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

contractors to provide duplicative identical disclosures to workers where there has been no break in the employment relationship, and where none of the underlying disclosures have changed, is patently absurd. The court should dismiss this contrived claim.

## V.  CONCLUSION

For all the foregoing reasons summary judgment in favor of Stemilt on Count Six ¶¶s 34-37 of Plaintiffs' Fourth Amended Complaint is appropriate. There is no basis in the FLCA for Stemilt to have been required to issue duplicative identical disclosures to workers who worked continuously on both 2017 contracts. Stemilt was either the owner or the owner's agent of all worksites where workers performed work in 2017, a fact disclosed to each worker, along with Stemilt's bond information.

//

//

//

//

//

//

//

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 14
052556.007 \ 103196968v7

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON  98901-2757
(509) 853-3000

DATED this 1st day of September 2022.

          STOKES LAWRENCE
          VELIKANJE MOORE & SHORE

By: */s/ Brendan V. Monahan*
    Brendan V. Monahan (WSBA #22315)
    Lance A. Pelletier (WSBA #49030)
    Justo G. González (WSBA #39127)
    Maricarmen Perez-Vargas (WSBA #54344)
    Stokes Lawrence Velikanje Moore & Shore
    120 N. Naches Avenue
    Yakima, WA 98901-2757
    Telephone: (509) 853-3000
    Fax: (509) 895-0060
    Email: bvm@stokeslaw.com
    lance.pelletier@stokeslaw.com
    jgg@stokeslaw.com
    maricarmen.perez-vargas@stokeslaw.com

    Douglas E. Smith (WSBA #17319)
    LITTLER MENDELSON, P.C.
    One Union Square
    600 University Street, Suite 3200
    Seattle, WA 98101-3122
    (206) 623-3300

    Attorneys for Defendant

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 15
052556.007 \ 103196968v7

# CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022 , I caused the foregoing document to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Maria Diana Garcia | diana.garcia@columbialegal.org |
| Joachim Morrison | joe.morrison@columbialegal.org |
| Andres Munoz | andres.munoz@columbialegal.org |
| Nathan L. Nanfelt | nnanfelt@kellerrohrback.com |
| Laura Gerber | Lgerber@kellerrohrback.com |
| Amy L. Crewdson | Amy.crewdson@columbialegal.org |

By: */s/ Brendan V. Monahan*
Brendan V. Monahan (WSBA #22315)
Attorney for Defendant
Stokes Lawrence Velikanje Moore & Shore
120 N. Naches Avenue
Yakima, WA  98901-2757
Telephone: (509) 853-3000
Fax: (509) 895-0060
Email: bvm@stokeslaw.com

STEMILT'S MOTION FOR SUMMARY JUDGMENT - 16
052556.007 \ 103196968v7

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON  98901-2757
(509) 853-3000