1

2

3

4

5  UNITED STATES DISTRICT COURT

6  EASTERN DISTRICT OF WASHINGTON

7  GILBERTO GOMEZ GARCIA,
   JONATHAN GOMEZ RIVERA,          NO. 2:20-CV-0254-TOR
8  JOSE RODRIGUEZ LLERENAS,
   FRANCISCO MUNOZ MEDRANO,        ORDER GRANTING DEFENDANT'S
9  SANDRO VARGAS LEYVA,            MOTIONS FOR SUMMARY
   ALEJANDRO CHAVEZ MONROY,        JUDGMENT AND DENYING
10 and VICTOR FRANCISCO            PLAINTIFFS' MOTION FOR
   PADILLA PLASCENCIA, as          SUMMARY JUDGMENT
11 individuals and on behalf of all other
   similarly situated persons,
12
                    Plaintiffs,
13
        v.
14
   STEMILT AG SERVICES, LLC,
15
                    Defendant.
16

17      BEFORE THE COURT are Defendant's Motion for Partial Summary

18  Judgment (Count Three) (ECF No. 306), Defendant's Motion for Partial Summary

19  Judgment (Count Six) (ECF No. 309), and Plaintiffs' Cross-Motion for Partial

20  Summary Judgment on FLCA Class Disclosure Claims (ECF No. 323). These

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT ~ 1

1  matters were submitted for consideration with oral argument on November 22,

2  2022. Andres Munoz and Maria Diana Garcia appeared on behalf of Plaintiffs.

3  Lance A. Pelletier and Maricarmen C. Perez-Vargas appeared on behalf of

4  Defendant. The Court has reviewed the record and files herein, and is fully

5  informed. For the reasons discussed below, Defendant's Motion for Partial

6  Summary Judgment (Count Three) (ECF No. 306) is **granted**, Defendant's Motion

7  for Partial Summary Judgment (Count Six) (ECF No. 309) is **granted**, and

8  Plaintiffs' Cross-Motion for Partial Summary Judgment on FLCA Class Disclosure

9  Claims (ECF No. 323) is **denied**.

10                                   **BACKGROUND**

11           This case concerns H-2A farm workers who were employed by Stemilt in

12  Washington. On August 20, 2021, the Court certified the following Farm Labor

13  Contractor Act ("FLCA") Class for claims raised under RCW 19.30.110(7): "All

14  Mexican nationals employed at Stemilt Ag Services, LLC in Washington, pursuant

15  to both the 2017 H-2A contract from January 16, 2017 through August 11, 2017

16  and the H-2A contract from August 14, 2017 through November 14, 2017" for the

17  following claim: "The claim that Defendant, as a farm labor contractor, did not

18  disclose, on a form prescribed by the director, furnished to each worker, at the time

19  of hiring, recruiting, soliciting, or supplying, whichever occurs first, a written

20  statement in English and any other language common to workers who are not

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT ~ 2

fluent or literate in English that contains a description of: The name and address of the owner of all operations, or the owner's agent, where the worker will be working as a result of being recruited, solicited, supplied, or employed by Defendant." ECF Nos. 193 at 37, 290 at 21–22. On July 14, 2022, the Court certified a FLCA Disclosure Class: "All Mexican nationals employed by Stemilt Ag Services, LLC in Washington, pursuant only to the second H-2A contract from August 14, 2017 through November 15, 2017 who received disclosures in violation of RCW 19.30.110(2) and (7)(h) " for the following claims: (1) "The claim that Defendant, as a farm labor contractor, did not disclose to every person with whom it dealt in the capacity of a farm labor contractor the amount of its bond and the existence and amount of any claims against the bond" and (2) "The claim that Defendant, as a farm labor contractor, did not disclose, on a form prescribed by the director, furnished to each worker, at the time of hiring, recruiting, soliciting, or supplying, whichever occurs first, a written statement in English and any other language common to workers who are not fluent or literate in English that contains a description of: The name and address of the owner of all operations, or the owner's agent, where the worker will be working as a result of being recruited, solicited, supplied, or employed by Defendant." ECF No. 290 at 20.

On November 2, 2022, Plaintiffs filed a Fifth Amended Complaint based on the parties' stipulation to dismiss the Washington Law Against Discrimination

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 3

claim.  ECF Nos. 332, 339.  At oral argument, Defendant asserted Plaintiffs

Gomez Garcia and Gomez Rivera are the only remaining Plaintiffs as the others

were left out of the Fifth Amended Complaint.  Plaintiffs asserted the omission

was an error.  On November 23, 2022, Plaintiffs filed a corrected Fifth Amended

Complaint adding the original Plaintiffs in the body of the Complaint but

replicating the incorrect caption.  ECF No. 345.

Defendant filed the present Motions for Summary Judgment on Plaintiffs'

individual TVPA Visa Withholding and FLCA Class Disclosure Claims.  ECF

Nos. 306, 309.  Plaintiff filed a Cross Motion for Summary Judgment on the FLCA

Class Disclosure Claims.  ECF No. 323.  The parties fully briefed each motion.

ECF Nos. 316, 318, 326, 329, 333, 340.  Except where noted, the following facts

are not in dispute.

## FACTS

Defendant Stemilt AG Services, LLC ("Stemilt") is a Washington Limited

Liability Company that is a wholly-owned subsidiary of Stemilt Growers, LLC.

ECF No. 307 at 2, ¶¶ 1–2.  Stemilt employs the orchard work force that picks the

majority of the apples that Stemilt packs and sells.  *Id.*, ¶ 3.  In 2017, Stemilt's

growing operations farmed 5, 219 acres.  *Id.*, ¶ 4.  Stemilt employs more than

2,000 individual orchard workers each year.  *Id.*, ¶ 5.  Stemilt has been a licensed

Washington State farm labor contractor since 2016.  ECF No. 310 at 4, ¶ 11.

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT ~ 4

1    In 2017, Stemilt employed both domestic workers and guest workers under

2  the federal H-2A program.  ECF No. 307 at 2, ¶ 6.  Stemilt assigned the task of

3  bringing the H-2A program in-house to Elizabeth Hernandez, who was Stemilt's

4  Human Resources Manager of Employee Relations.  *Id.*, ¶ 11.  Ms. Hernandez

5  traveled to Nogales, Mexico in 2016 to observe the process of recruitment,

6  transportation, housing, daily sustenance, immigration interviews, border crossing,

7  and everything else involved in the process.  *Id.* at 4, ¶ 12.  Ms. Hernandez

8  provided Disclosure Statements to each worker in Mexico.  ECF No. 310 at 5, ¶¶

9  15–18.  Plaintiffs dispute that the FLCA disclosures were provided on the first

10  contract in Mexico, if at all.  ECF No. 319 at 10–11, ¶¶ 15, 17–18, 20.

11    The Disclosure Statement that identifies (a) Stemilt Ag Services, LLC as the

12  "Employer" and (b) the address at which both the Employer could be reached.

13  ECF No. 310 at 5, ¶ 13.  The individual Plaintiffs signed the Disclosure

14  Statements.  *Id.* at 6, ¶¶ 20–23.  Plaintiffs disputed that Plaintiffs signed the

15  disclosures on the grounds that only the second page of the disclosure (which is

16  signed) was provided and that a separate acknowledgement form was not provided,

17  but was provided in 2016.  ECF No. 319 at 11–13, ¶¶ 20–23.

18    Stemilt owns Ice Harbor where Plaintiffs Gomez Rivera and Rodriguez

19  Llerenas worked.  ECF No. 310 at 7, ¶¶ 28.  Stemilt had Management Agreements

20  with Juniper Visa Orchard ("JVO"), Saddle Mountain West, LLC, KTW, and

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT ~ 5

Arrow Ridge (through Monkey Ridge, LLC) that designated Stemilt as agent for management operations.  ECF Nos. 310 at 7–9, ¶¶ 29–39, 319 at 17, ¶ 38. Plaintiffs dispute these agreements made Stemilt an "agent" for purposes other than farming, including for the purpose of accepting service; the entities' registered agent was a law firm as listed with the Washington Secretary of State.  ECF No. 319 at 14–17, ¶¶ 30–31, 34, 37, 39.

Stemilt had a Lease Agreement with TKM Radar Hill where Stemilt was responsible for "all expenses and production costs for growing and harvesting" fruit grown on the orchard and Stemilt was the exclusive owner of the fruit.  *Id.* at 9, ¶¶ 40–41.  Plaintiffs dispute the lease agreement is enforceable where Defendant only provided a draft form that is not signed.  ECF No. 319 at 18, ¶ 40–41.

In 2017, Stemilt submitted Applications for Alien Employment Certifications to the United States Department of Labor, with copies of the Form ETA 790 Clearance Orders describing the terms and conditions of the employment offered, for two consecutive contracts.  *Id.*, ¶ 14.  Plaintiff disputes the characterization of "consecutive contracts" where the second contract had different dates, jobs, wages, hours, and orchards.  ECF Nos. 317 at 4, ¶ 14, 319 at 6–7, ¶ 10. Defendant asserts the workers on both contracts were continuous employees on the grounds that (1) workers were only asked to complete I-9s, W-4s, meal waivers, emergency contact information, and direct deposit information once at the

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 6

beginning of the first contract, (2) the workers were treated as continuous employees for payroll purposes where payroll bank deposits occurred without interruption between the contracts, and (3) Stemilt paid L&I and ESD premiums for workers continuously, (4) workers remained in housing continuously, (5) workers continued to have access to Stemilt resources, and (6) no workers payrolls indicated a separation or gap in employment such as "quit", "discharged", or "end of season".  ECF No. 310 at 3–4, ¶ 10.

The January 2017 H-2A workers' first contract called for H-2A workers to perform preseason apple tasks like pruning and thinning, and completion of the cherry harvest.  ECF No. 307 at 4, ¶ 16.

During summer 2017, Stemilt provided all H-2A workers the opportunity to remain in the United States to work the harvest under a second contract that ran from August 14, 2017 to November 17, 2017.  *Id.* at 5, ¶¶ 17–18.  Plaintiffs assert Stemilt verbally recruited all H-2A workers to work under the second contract with HR staff visiting work sites.  ECF No. 317 at 6, ¶ 18.  HR used a document titled "Extension of Contract" that stated upon signing, workers "accept the terms of the new contract (duration of the contract, new obligations and locations, etc.)."  *Id.*

On August 2, 2017, Ms. Hernandez, the Stemilt employee responsible for renewing H-2A worker visas, applied to extend 800 worker visas who elected to carry over from the first contract, as well as additional applications for the 359

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 7

workers on the second contract only. ECF No. 307 at 5–6, ¶¶ 20–21, 23. Plaintiffs

dispute the number of applications where Ms. Hernandez declared there were 377

applications on the second contract. ECF No. 317 at 8, ¶ 20. United States

Citizenship and Immigration Services ("USCIS") is responsible for processing H-

2A worker visas. ECF No. 307 at 6, ¶ 24. On August 2 and 8, 2017, USCIS

approved the visa requests for the workers working the second contract only. *Id.*, ¶

25. Stemilt provided the approved visas to these workers in August 2017. ECF

No. 307 at 6 ¶ 26. USCIS did not immediately process the applications for

workers working both contracts because one worker had been convicted of a DUI

and USCIS required that worker to be deported before it would process the

application. *Id.*, ¶ 27.

On October 5, 2017, USCIS processed and approved the visa extension for

eligible workers, including the 787 who extended to the second contract. *Id.* at 7, ¶

28. Plaintiffs again dispute the number of workers. ECF No. 317 at 9, ¶ 28. Ana

Guerrero, Stemilt Human Resources employee for the Pasco region, was

responsible for providing the workers with the updated work permits and visas.

ECF No. 307 at 6, ¶ 32. Defendant contends Ms. Guerrero immediately provided

the permits and visas to workers upon receiving them in October 2017, as is

Stemilt's policy and practice. *Id.*, ¶¶ 33, 34. Plaintiffs dispute Ms. Guerrero

"immediately" provided the visas. ECF No. 317 at 10–11, ¶ 33. Plaintiffs assert

Ms. Guerrero told Ice Harbor H-2A workers the renewed visas "had arrived but [Stemilt] just did not want to give them to us." *Id.* at 11.

All individual Plaintiffs received their permits and visas in October 2017, except for Plaintiff Gomez Rivera who did not receive a renewed work permit after abandoning employment on October 18, 2017. *Id.* at 8–9, ¶¶ 37–42.  Plaintiffs dispute Gomez Garcia "abandoned" employment because he was forced to leave and assert that he received his renewed visa prior to leaving.  ECF No. 317 at 14–15, ¶ 37.  Plaintiffs also clarify that the visas were provided at the "end" of October.  *Id.* at 16, ¶ 42.

## DISCUSSION

### I.    Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court must only consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact.  *See Anderson v.*

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 9

*Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law.  *Id.* at 248.  Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party.  *Id.*  The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

## II.    TVPA Visa Withholding Claims

Defendant moves for summary judgment on Plaintiffs' individual TVPA Visa Withholding claims.  ECF No. 306.

The TVPA prohibits a person from "knowingly destroy[ing], conceal[ing], remov[ing], confiscate[ing], or possess[ing] any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person …. with intent to violate section 1589 [or] to prevent or restrict or attempt to prevent or restrict, without lawful authority,

the person's liberty to move or travel, in order to maintain the labor or services of that person, when the person is or has been a victim of a severe form of trafficking in persons."  18 U.S.C. § 1592(a).

It is undisputed USCIS approved the visa extensions on October 5, 2017.  *Id.* at 7, ¶ 28.  While the exact date is disputed, it is undisputed Plaintiffs received their permits and visas in October 2017.  *Id.* at 8–9, ¶¶ 37–42; ECF No. 317 at 14–15, ¶ 37.  No reasonable trier of fact could conclude Defendant knowingly withheld Plaintiffs' updated work permits in order to maintain Plaintiffs' labor or services, especially where Plaintiffs received the permits even when they ended their employment.  Therefore, summary judgment on this claim is appropriate

### III.    FLCA Disclosure Claims

Defendant moves for summary judgment on Plaintiffs' class-certified FLCA claims for (1) whether Defendant was required to provide a second FLCA disclosure on the second contract for workers who worked the first contract, and (2) whether the FLCA disclosures properly disclosed bond and owner information. ECF No. 309.  Plaintiffs cross-moves for summary judgment.  ECF No. 323.

A.  <u>Second Disclosure</u>

The FLCA requires farm labor contractors[1] to provide workers FLCA

---

[1]    The parties do not dispute Defendant is a "farm labor contractor".

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 11

disclosures "at the time of hiring, recruiting, soliciting, or supplying, whichever occurs first." RCW 19.30.110(7). FLCA is "a remedial statute designed to prevent worker exploitation … [and] is generally construed liberally to further this purpose." *Saucedo v. John Hancock Life & Health Ins. Co.*, 185 Wash. 2d 171, 183 (2016).

FLCA does not define the term "recruiting". Washington courts give undefined terms "their usual and ordinary meaning and interpret them in the context of the statute in which they appear." *SEIU Healthcare 775NW v. Dep't of Soc. & Health Servs.*, 193 Wash. App. 377, 399 (2016). "Recruit" is defined as "[a] new member of an organization, team, or group of people, esp. as the result of formally joining." Black's Law Dictionary, (10th ed., 2014).

The parties dispute whether workers who worked both contracts should have received a second FLCA disclosure on the second contract. Defendant asserts a second disclosure was not required on the grounds that the H-2A workers were "continuous employees." ECF No. 309. Plaintiffs assert a second disclosure is required because there were two separate contracts at issue with a period of "recruitment" for the second contract in the summer of 2017. ECF No. 318.

It is undisputed H-2A workers who worked both contracts did not receive a FLCA disclosure for the second contract. It is also undisputed Plaintiffs and class members were recruited to work on the first contract. The statute does not require

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 12

that a disclosure be supplied upon each contract, only that a disclosure is provided "at the time of hiring, recruiting, soliciting, or supplying, *whichever occurs first*." RCW 19.30.110(7) (emphasis added).  The Court finds Defendant complied with FLCA in providing one disclosure at the time of recruitment in 2017 on the first contract for H-2A workers who worked both contracts.

Plaintiffs argue they were separately "recruited" to the second contract in the summer of 2017.  ECF No. 318.  The Court finds Plaintiffs who worked both contracts were recruited, i.e. became "new members" of or "formally joined", Defendant on the first contract.  H-2A workers were not "recruited" where they were already working for Defendant.  Under these circumstances, the Court finds a second disclosure was not required.  With no material facts in dispute, summary judgment on this claim is appropriate.

B. Bond Disclosure

A farm labor contractor must "[d]isclose to every person with whom he or she deals in the capacity of a farm labor contractor the amount of his or her bond and the existence and amount of any claims against the bond."  RCW 19.30.110(2)

It is undisputed the disclosures included Defendant's $20,000 bond.  *See, e.g.*, ECF No. 311-1 at 2.  Plaintiffs maintain that Defendant is in violation of this section by not disclosing "the existence and amount of any claims against the bond." ECF No. 318 at 9–10.  It is undisputed there were no claims against

Defendant's bond in 2017.  ECF No. 326 at 3.  Defendant cannot disclose claims

that do not exist.  With no material facts in dispute, summary judgment on this

claim is appropriate.

### C. Owner's Agent Disclosure

A farm labor contractor must furnish a disclosure to each worker that

includes "[t]he name and address of the owner of all operations, or the owner's

agent, where the worker will be working as a result of being recruited, solicited,

supplied, or employed by the farm labor contractor."  RCW 19.30.110(7)(h).

FLCA does not define the term "agent".  "Agent" is defined as one "who is

authorized to act for or in place of another."  Black's Law Dictionary, Agent (10th

ed., 2014).

It is undisputed Defendant is the owner of Ice Harbor.  ECF No. 319 at 14, ¶

28.  As to the remaining orchards, the parties dispute whether Defendant qualifies

as the "owner's agent" for purposes of this section.  ECF Nos. 309, 323.

Defendant had management agreements with JVO, Saddle Mount West, KTW, and

Arrow Ridge that expressly defined Defendant as an agent for farm management

and operations.  ECF No. 310 at 7–9, ¶¶ 30, 34–35, 37, 39.  Defendant had an

Orchard Lease Agreement with TKM Radar Hill where Defendant was responsible

for "all expenses and production costs for growing and harvesting" and designated

Defendant as the exclusive owner of all fruit produced on the orchard.  *Id.* at 9, ¶¶ 40–41.[2]

Plaintiffs argue the "agent" must be one that accepts service of summons by pointing to another statute.  ECF No. 318.  RCW 19.30.030(f) requires a farm labor contractor to appoint an agent "as [their] lawful agent to accept service of summons …."  Where this statute specifies that a "lawful agent" is one who accepts service of summons is an indication the Washington Legislature did not so limit the term "agent" in RCW 19.30.110.  *See Densley v. Dep't of Ret. Sys.*, 162 Wash. 2d 210, 219 (2007) ("When the legislature uses two different terms in the same statute, courts presume the legislature intends the terms to have different meanings.").

The Court finds Defendant qualifies as an "agent" under the plain meaning of the word as set out in RCW 19.30.110(7)(h).  Defendant was either the owner of, or had agency authority over, all relevant orchards pursuant to the management and leasing agreements.  With no issues of material fact in dispute, summary judgment on Plaintiffs' FLCA Disclosure claims is appropriate.

---

[2]    Plaintiffs only object to this agreement on the grounds that it is not signed. The Agreement is signed by TKM's manager and Plaintiffs do not provide evidence otherwise disputing the contractual relationship.  ECF No. 96-8.

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 15

The Court denies as moot Plaintiffs' pending Motion to Approve Proposed Class Notice (297) where the certified class claims are dismissed on summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Partial Summary Judgment (Count Three) (ECF No. 306) is **GRANTED**.

2. Defendant's Motion for Partial Summary Judgment (Count Six) (ECF No. 309) is **GRANTED**.

3. Plaintiffs' Cross-Motion for Partial Summary Judgment on FLCA Class Disclosure Claims (ECF No. 323) is **DENIED**.

4. Plaintiffs' claims Individual TVPA Visa Withholding Claims and Class Certified FLCA Disclosure Claims are **DISMISSED with prejudice**.

5. Plaintiffs' Motion to Approve Proposed Notice to Class (ECF No. 297) is **DENIED as moot**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED November 23, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 16