UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GILBERTO GOMEZ GARCIA, JONATHAN GOMEZ RIVERA, JOSE RODRIGUEZ LLERENAS, FRANCISCO MUNOZ MEDRANO, SANDRO VARGAS LEYVA, ALEJANDRO CHAVEZ MONROY, and VICTOR FRANCISCO PADILLA PLASCENCIA, as individuals and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>STEMILT AG SERVICES, LLC,<br><br>Defendant. | NO. 2:20-CV-0254-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS |

BEFORE THE COURT is Defendant's Motion for Rule 11 Sanctions (ECF No. 351). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Rule 11 Sanctions (ECF No. 351) is **denied**.

ORDER DENYING DEFENDANT'S MOTION
FOR RULE 11 SANCTIONS ~ 1

## DISCUSSION

"Rule 11 imposes a duty on attorneys to certify that all pleadings are legally tenable and well-grounded in fact; it governs only papers filed with the court." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). Rule 11 has procedural and substantive requirements that need to be met before a Court awards sanctions. The Court addresses each requirement in turn.

### A. Procedural Requirements

Defendant served a motion and safe harbor letter on Plaintiffs' counsel on April 16, 2021, more than 21 days before filing with this Court on February 23, 2023. ECF No. 351 at 2–3. Defendant's current motion relies on the April 16, 2021 letter. *Id.*

Federal Rule of Civil Procedure 11(c) "provides strict procedural requirements for parties to follow when they move for sanctions under Rule 11." *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788 (9th Cir. 2001). These procedural requirements provide:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).

1     "[B]efore sanctions may be imposed upon a party there must be 'sufficient,

2     advance notice of exactly which conduct was alleged to be sanctionable.'" *Foster*

3     *v. Wilson*, 504 F.3d 1046, 1052 (9th Cir. 2007) (quoting *In re DeVille,* 361 F.3d

4     539, 549 (9th Cir. 2004)).  The Advisory Committee Notes clarify that "the

5     purpose of Rule 11 sanctions is to deter rather than to compensate, and that the 21-

6     day period is "intended to provide a type of 'safe harbor' against motions under

7     Rule 11 in that a party will not be subject to sanctions on the basis of another

8     party's motion unless, after receiving the motion, it refuses to withdraw that

9     position." Fed. R. Civ. P. 11, 1993 Amendment.  "[A] party cannot delay serving

10    its Rule 11 motion until conclusion of the case (or judicial rejection of the

11    offending contention)." *Id.*

12         First, Plaintiffs contend the April 14, 2021 safe harbor letter was

13    procedurally defective to the extent it failed to raise the bond disclosure claim.

14    ECF No. 352 at 4.  Defendant argues that while the claim was not expressly

15    included in the letter, it warned that a similar letter would follow if it was filed in

16    an amended complaint and that the allegations were nonetheless incorporated in

17    the first proposed motion.  *See* ECF No. 353-1 at 2, 9.  The Court finds that

18    Defendant did not describe the "specific conduct" underlying the bond disclosure

19    claim in the safe harbor letter, and thus the letter is procedurally defective as to this

20

ORDER DENYING DEFENDANT'S MOTION
FOR RULE 11 SANCTIONS ~ 3

claim. Fed. R. Civ. P. 11(c)(2). In any event, Defendant's motion also fails on substantive grounds as discussed *infra*.

Second, Plaintiffs contend the letter was procedurally defective as to the visa withholding claim to the extent the first proposed motion was never filed – and was instead filed now almost two years later. ECF No. 352 at 7–8. While this claim was specifically raised in the safe harbor letter, the Court finds the delay in bringing this motion untimely, especially where it was filed after "judicial rejection of the offending contention." *See* Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendment, Subdivisions (b) and (c) ("Ordinarily the motion should be served promptly … if delayed too long, may be viewed as untimely …. a party cannot delay serving … [until after] judicial rejection of the offending contention."). In any event, Defendant's motion also fails on substantive grounds as discussed *infra*.

**B. Substantive Requirements**

Defendant moves for Rule 11 sanctions and reasonably attorneys' fees and costs against Plaintiffs Gilberto Gomez Garcia and Jonathan Gomez Rivera and their attorneys for alleged factually and legally frivolous claims brought for allegedly withholding worker visas and failing to disclose a FLCA bond. ECF No. 351 at 1–2, 4. Defendant claims Plaintiffs made these claims "despite possessing

evidence disproving the allegations, and despite being given ample opportunity to withdraw such claims. *Id.* at 2.

An attorney is subject to Rule 11 sanctions when, after a reasonably inquiry, they present to the court "claims, defenses, and other legal contentions [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2).

First, Defendant argues Plaintiffs knew or should have known the visa withholding claims were false. ECF No. 351 at 5–6. On summary judgment, the Court found no reasonable trier of fact could conclude Defendant knowingly withheld Plaintiffs' updated work permits in order to maintain Plaintiffs' labor or services. ECF No. 346 at 11. Plaintiffs relied on testimony from former Stemilt employees and Plaintiffs in support of their claim. *See* ECF No. 352 at 9–11. Plaintiffs' claims are not factually frivolous merely because the Court found their factual contentions did not create a genuine issue of material fact regarding the visa withholding claims on summary judgment. Therefore, the Court finds this does not warrant Rule 11 sanctions.

Second, Defendant argues Plaintiffs pursued the FLCA bond disclosure claims despite possessing evidence that disproved their allegations. ECF No. 351 at 7–8. On summary judgment, the Court found no issue of material fact regarding

ORDER DENYING DEFENDANT'S MOTION
FOR RULE 11 SANCTIONS ~ 5

the FLCA bond disclosure claim, finding "Defendant cannot disclose claims that do not exist." ECF No. 346 at 14. Plaintiffs essentially argued the FLCA disclosures must affirmatively state that no claims exist against the bond. *See* ECF No. 352 at 6. Plaintiffs' FLCA bond disclosure claims are not legally frivolous just because the Court did not agree with Plaintiffs' reading of the statute. Therefore, the Court finds this does not warrant Rule 11 sanctions.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Rule 11 Sanctions (ECF No. 351) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED April 11, 2023.

THOMAS O. RICE
United States District Judge